MARIETTA C. FERNALD & another, executors, *vs.* SARAH G. GOOCH & others.

Middlesex. March 16, 1909. — May 26, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy,* Bequest of residue to executors "for their services."

A testatrix in a will drawn by herself made sixteen bequests to relatives and friends and charitable organizations amounting to $17,500, and also disposed of her personal belongings, silver and household furniture. The will in addition contained the following clause: "Should there be a residue, . . . I request my executors to pay [to two charitable organizations named] whatever remains if not more than $1,000. Should there be more than that sum remaining, I direct that the surplus be used toward the payment of my executors for their services under this will." After she had made her will, the testatrix lost considerable money in bad investments, and thereupon went to a lawyer with whom she had a slight acquaintance and executed a codicil in which in the first paragraph she expressly ratified and confirmed her will "in all respects save as the same . . . [was] . . . changed" by the codicil, and in subsequent paragraphs revoked five of her charitable bequests amounting to $2,600, added bequests amounting to $1,050, limited the amount to be given to the charitable organizations by the portion of the will above quoted to $500, stated "it is my desire that regardless of any residuary provisions contained in said will my executors receive in any event fair compensation for their services," revoked the nomination of one of two executors named in her will, who was her nephew, and substituted for him the lawyer who drew the codicil, and stated, "All provisions of said will applicable to executors shall apply to" the newly named executor. After administration of the estate, and the payment of $900 to the executors on account of their services, there was left $3,000 which the executors claimed under the terms of the will. *Held,* that under the terms of the will and codicil such residue went to the executors for their own benefit.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on December 1, 1906, by the executors of the will of Anna M. J. Coolidge, late of Cambridge, for instructions regarding the disposition of the residue of her estate.

The will of the plaintiffs' testatrix, executed on February 13, 1897, was drawn by herself. In the first clause she directed that her just debts and funeral expenses be paid. In the second clause she gave $4,000 to Eliza H. Fernald and Marietta C. Fernald, (one of the executors,) "when the homestead in which we all at present reside . . . shall be sold." In the third clause, she gave $2,000 each to Mrs. Sarah G. Gooch and to her daughter, Mrs. Annie G. Wyman ; in the fourth clause, $2,000 each to her nieces Emma A. Bearse and Louise P. Brown; in the fifth, $300 to her cousin Mary Gardner, $500 to her cousin Elvira Hastings, $100 to her "dear friend" Annie E. Hubbard ; in the sixth clause, $1,000 to the Woman's American Baptist Home Mission Society, $1,000 to the American Baptist Home Mission Society, $500 to the "Mission in Alaska," $500 to the Woman's Baptist Foreign Mission Society ; in the seventh clause she gave $500 each to the Old Cambridge Baptist Church and to the First Baptist Church of Watertown ; in the eighth clause, $300 each to the Boston Baptist Bethel and to the Old People's Home in Cambridgeport; in the ninth clause she disposed of her silver, clothing and household goods.

The tenth clause read as follows :

" Tenth, I have made no bequest to my brother's widow, Mrs. Emily G. Coolidge, and her daughter Abbie D. Coolidge, not because I love them any less than the other dear ones to whom I have bequeathed a little, but because their property is so valuable, they do not need any of mine to make life for them any easier; still as a token of my affection, I give to them any books or pictures belonging to me they may desire.

" If from shrinkage of my estate my property is not sufficient to pay the legacies, the legatees must bear their proportion of the shrinkage. Should there be a residue, after the legacies, debts, and all expenses have been paid, I request my executors, to pay the American Baptist Home Mission Society for the benefit of the Church Edifice Fund whatever remains if not

more than one thousand dollars. Should there be more than that sum remaining, I direct that the surplus be used toward the payment of my executors for their services under this will."

The testatrix made a codicil to her will on June 16, 1903, in which she revoked the bequests to the American Baptist Home Mission Society and to the Mission in Alaska, contained in the sixth clause of the will, the bequest to the Old Cambridge Baptist Church in the seventh clause of the will, and those to the Boston Baptist Bethel and Old People's Home in Cambridgeport in the eighth clause of the will. She also revoked the bequests to Emily G. and Abbie D. Coolidge contained in the tenth clause of the will and instead gave Abbie D. Coolidge $1,000. To Katie Morrissey, "as a token of love and appreciation of her kind services," she gave $50. The remainder of the codicil read as follows in substance:

"I hereby limit the amount of the residuary bequest to the American Baptist Home Mission Society for the benefit of the Church Edifice fund to five hundred dollars instead of one thousand dollars as therein stated, and it is my desire that regardless of any residuary provisions contained in said will my executors receive in any event fair compensation for their services. . . .

"Whereas I named my nephew Joseph A. Coolidge to be one of the executors of said will I hereby revoke said appointment and hereby name Volney Skinner of said Watertown to be one of the executors of said will and request that said Volney Skinner be exempt from giving surety on his bond as such executor. All provisions of said will applicable to executors shall apply to said Volney Skinner."

The case was heard by *Morton*, J. He found the facts stated in the opinion, and also as follows: "The petitioner Volney Skinner is an attorney at law and drafted said codicil. He is in no way related to the testatrix. He frequently met the testatrix at the church which they both attended up to the year 1887, when he ceased to attend said church, and from that time he and the testatrix saw little of each other. During the entire period of their acquaintance he called at her home about three times, including the time when he drew the said codicil. . . .

"There will be an apparent residue after the payment of said last mentioned legacies of $3,900, of which the executors have

retained on account of their services as shown by their first account the sum of $900."

The case was reserved by the justice for determination by the full court.

The case was submitted on briefs.

*H. B. Patrick*, for the plaintiffs.

*J. P. Wyman, G. R. Blinn & A. L. Taylor*, for the defendant Sarah G. Gooch.

SHELDON, J.   This will, as originally drawn by the testatrix herself, was intended to dispose of all her property.   She gave legacies of stated sums of money to nearly all of her next of kin, and made some charitable bequests.   She then, after providing for any shrinkage of her estate, directed that the residue of her property after the payment of another charitable bequest, should be used toward the payment of her executors for their services under her will.   We think it evident that under the terms of this will the amount of any final residue, however large it might have been, would have gone to the persons named as executors for their personal benefit.

But some six years after the making of this will, having lost about $3,800 by bad investments in mining stocks, she executed a codicil to her will.   By this instrument she revoked some legacies and made other changes, the effect of which was to reduce considerably the amount of her pecuniary legacies.   She also revoked the appointment of one of her executors, and put in his place the attorney who drew the codicil.   But in the first paragraph of the codicil she expressly confirmed and ratified her will " in all respects save as the same . . . [was] . . . changed " by the codicil; and she specifically provided in the clause which nominated the new executor that " all the provisions of . . . [her] . . . said will applicable to executors . . . [should] . . . apply " to the new executor.

Taking the will and the codicil together, it seems plain that she still intended to dispose of all her estate, and that she did not intend her next of kin to take more than she gave to them in terms.   She said in the tenth clause of her will that she gave nothing to her brother's widow and to the daughter of that widow, who was one of her own next of kin, because they needed no assistance from her; and this would indicate that she did not

intend any part of the residue of her estate to go as undisposed of property to her next of kin and so in par; to this niece. Nor does the fact that by the codicil she gave a pecuniary legacy to this niece diminish the force of the implication. She desired that this niece should take the legacy and nothing more. Clearly this would have been so if the will had stood alone. *Damon* v. *Bibber*, 135 Mass. 458. *Kenady* v. *Sinnott*, 179 U. S. 606, 616. *Robards* v. *Brown*, 167 Mo. 447, 457. And the provision made in this will for the executors was for their own benefit and not in trust for any others, as it was in *Minot* v. *Attorney General*, 189 Mass. 176. Nor do we find anything in the codicil which, when read in connection with the will, shows a change in her intent. The argument that such a change should be inferred from the substitution of one who was merely a friendly acquaintance for a nephew as one of the executors is met by the language which she used in making this change, and which we have quoted above. The provision in the codicil that regardless of any residuary provisions in the codicil her executors should receive in any event fair compensation for their services does not import such a change of intent. Taken in connection with her express confirmation of the will, it shows that she did not desire to change that part of her will any further than to guard against the possible implication that their compensation was to be limited to the amount of the residue of her estate, however small that might turn out to be. It was a provision made for their benefit, not as a limitation of what they were to receive.

It is probable that the residue of the estate is larger than was expected by the testatrix; and it reasonably may be conjectured that if she had foreseen the present state of affairs she would have made some other disposition of this amount; but upon the face of the will and codicil we are of opinion that the residue after payment of the legacy to the American Baptist Home Mission Society must go to the executors for their own benefit.

*Decree accordingly.*