SHEARN, APPELLEE, *v.* SHEARN ET AL., APPELLANTS.

(Decided December 31, 1937.)

*Mr. Proctor Leech* and *Mr. Carl M. Patterson,* for appellee.

*Messrs. Pomerene & Pomerene* and *Mr. Lloyd Leech,* for appellants.

SHERICK, J. Although this is an action in partition, the sole question presented by this review is dependent upon the interpretation to be placed upon the language of Section 10504-55, General Code.

Alice Hall Shearn died testate, seized of two parcels of real estate. By the terms of her will, parcel one was devised to her surviving consort, Henry Shearn, the plaintiff herein, for life. At his death the remainder over was ordered to be sold and the proceeds of sale

divided in certain definite proportions among six named devisees. Parcel two was devised absolutely to Mary Conley Leavengood. Within proper season, testatrix's widower elected not to take under the will, but to take in lieu thereof that portion of his wife's estate prescribed by law.

As previously indicated the action is one in partition. Plaintiff's petition recites the facts just enumerated, with the further averment that all the debts of the estate have been paid in full and that, as a tenant in common, he is seized in fee simple of an undivided one-half of the two tracts of realty and is entitled to partition. A demurrer was interposed to this pleading, its principal ground being that a cause of action was not therein stated. This attack having been overruled, certain defendants answered. The answer of Mary Conley Leavengood, after admitting payment of the debts of the estate, not only denied plaintiff's title, but was further purposely drawn argumentatively to the effect that plaintiff's interest in the real estate devised "is an amount of money or property equal to one-half of the net estate" of the testatrix.

The testatrix died childless. Her parents preceded her in death. The net personalty of the estate is inconsequential. These facts were and are now conceded. The issue made by these pleadings was determined in plaintiff's favor and partition was decreed. From this order an appeal is perfected on a question of law.

That part of Section 10504-55, General Code, which shall engage our scrutiny, provides that, "but in the event of election to take under the statute of descent and distribution, such [surviving] spouse shall take not to exceed one-half of the net estate."

Section 10503-4, General Code, is that "statute of descent and distribution" contemplated. It has to do with succession in case of intestacy. In accordance with

subsection 4 thereof, had the testatrix died intestate, there being no children or living parents, it would have passed "the whole to the surviving spouse," which would of course include the fee simple title to both parcels of real estate. In the case of *Davis* v. *Warner, Admr.*, 47 Ohio App., 495, 192 N. E., 270, decided in 1933, this court had occasion to point out that Section 10503-4 was general in its character and operation in the descent and distribution of intestate property; and that Section 10504-55 was a special provision, contemporaneously enacted, in cases of testacy, establishing the surviving spouse's interest in an estate when an election was made not to take under the will. We therein held that the special enactment governed in such case; that is to say that "one-half of the net estate" shall pass to the renouncing spouse. If the words to "take under the statute of descent and distribution," as used in Section 10504-55, General Code, are to be strictly interpreted in accordance with the recognized meaning as employed and understood in Section 10503-4, General Code, then of course the appellee would possess an absolute fee simple to all of the estate's realty. Section 10504-55, however, limits the relict's interest to "one-half of the net estate." It therefore was and now is the judgment of this court that Section 10504-55 establishes the manner of such taking in cases of testacy rather than the character of the estate to be received. One takes by virtue of such an election under the law, and that law is Section 10504-55 and not Section 10503-4. The mere act of electing not to take under the will does not destroy that instrument's efficacy other than to withdraw therefrom the net half of the estate as in this case. It does not deny a vesting of full title, by the terms of the will, to the second parcel in Mary Conley Leavengood. It cannot amount to a re-drafting of the testatrix's will. It only oper-

ates to withdraw therefrom the "one-half of the net estate." It does not pass the fee in whole or in part to him. It but says that he shall have "one-half of the net estate" devised. With respect to the first parcel, the will specifically devised a vested estate in remainder to the six named beneficiaries, subject to the life estate created in the surviving spouse; and what has been said as to the second parcel is equally true of the first.

In *Miller* v. *Miller, Admr.*, 129 Ohio St., 230, 194 N. E., 450, decided in 1935, it was held, that:

"The phrase 'under the statute of descent and distribution,' as used in Sections 10504-55 and 10504-60, General Code, does not mean that the surviving spouse is actually placed within the operation of the statute of descent and distribution (Section 10503-4, General Code), but such phrase is used as merely definitive or descriptive of the share to be taken by the surviving spouse within a limitation of not to exceed one-half of the estate."

That court in the course of its opinion further said that "the word 'descent,' as ordinarily used, denotes the manner whereby one person upon the death of another acquires the real property of the latter as his heir-at-law * * *. But she actually took one-half of it by the operation of another and independent statute." That is Section 10504-55, General Code.

The plaintiff urges upon us the word "absolutely" as it appears in the first paragraph of the syllabus and at page 425 of *Davidson* v. *Miners & Mechanics Savings & Trust Co., Exr.*, 129 Ohio St., 418, 195 N. E., 845, decided at the same term of court as *Miller* v. *Miller, supra,* as authority for the claim that he took a fee simple title to the "one-half of the net estate," and hence may maintain this action. We are mindful of the fact that both of these opinions were written by the

same judge. We do not think that the word was used with any such intent. Two paragraphs from this authority may be here quoted with considerable profit. The court quotes and approves of what is said in 69 Corpus Juris, 1142, Section 2446, which reads:

"A taking against the will by a surviving spouse does not operate to render the estate intestate, and is not allowed to break the testamentary plan further than is absolutely necessary * * * but the will is construed as if it contained no provisions for the renouncing spouse, and distribution is made as if he or she had died."

Such being the law it would seem indeed queer to so interpret the word "absolutely" or the words of Section 10504-55, General Code, drawn in question, so as to confer a fee simple title on one who must be considered as having died. At page 428 of the *Davidson case, supra,* it is further reasoned:

"In any proper case, where an estate has been depleted by the widow's rejection of the will, a court in the exercise of its equitable powers [and we are mindful that Courts of Probate now possess such] will decree a distribution of such estate among the remaining beneficiaries of similar interests, so that each may as far as possible be given the portion the testator intended he should have."

Plaintiff is further concerned with the law that an executor may not sell real estate except when the personal property is insufficient to pay debts or there is insufficient personalty to pay a legacy chargeable against real estate. From this it is argued that the executor might not sell and divide or distribute the estate in conformity to Section 10504-55, General Code. We perceive no such insurmountable difficulty in this respect. We think that the Probate Court, with its power to fully settle decedents' estates, and the powers

granted by Section 10510-3, General Code, that "when by operation of law * * * the executor * * * shall commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell the real estate so charged," possesses that power. True, the plaintiff's interest is not a legacy, but by his act of declination and choice he has created a charge upon devises which must now be treated as diminished legacies, if justice is to be done, the intent of the testatrix carried out and the estate fully administered proportionately as between the disappointed devisees as it should be. We are of further opinion that the executrix has such power and authority from the will itself. She is directed to sell and divide the proceeds at the death of the life tenant. For the purpose of distribution he is presumed to be dead.

The judgment of the Court of Common Pleas is reversed and the action dismissed.

*Judgment reversed.*

MONTGOMERY, P. J., and LEMERT, J., concur.