In Matter of Estate of Ellis.

(Decided February 21, 1940.)

*Messrs. Griswold, Leeper, Miller & Corry,* for appellant.

*Mr. Harry T. Nolan,* for appellee.

PHILLIPS, J. The last will and testament of William P. Ellis admitted to probate in Lake county disposed of small articles of personal property with which we are not concerned, and provided that the bulk of his estate should be given in trust to a named trustee and the entire income therefrom and so much of the principal thereof, as in the discretion of the trustee was necessary, should be used for the support and comfort of his wife during her life, and that after her death the income from the trust should be paid to a brother and sister, during their joint lives or the life of the survivor of them, and after the death of the survivor the *corpus* of the estate should be divided among testator's next of kin.

The will also provided for the compensation to be paid to the executrix, named therein, in this language:

"I also authorize and direct my executrix, who is an attorney-at-law, to perform any and all legal services which in her judgment are necessary or advisable in the administration of my estate and the carrying out of the provisions of this will, and she shall pay to herself from my estate such sum or sums as she deems proper compensation for such services rendered and for any unusual services which she may render as executrix. My executrix shall be the sole judge of the value of such services. This provision for compensation is in addition to the regular fee provided by statute."

The widow elected to take under the law and the executrix proceeded to administer the estate, and paid to herself fees for legal services and for services rendered as executrix, as shown by her first and second

partial accounts filed in the Probate Court, to which no exceptions were taken.

In her third partial account filed in that court the executrix claimed credit for $8,200 for additional counsel fees and for unusual services rendered as executrix. The widow filed exceptions to this account on the grounds that the claimed credits for legal fees and services as executrix were not presented to or allowed by the Probate Court, were in excess of the statutory compensation allowed to an executrix, were excessive, and were not justified by the nature or extent of the duties performed in connection with the administration of the estate.

The executrix filed a motion to strike the exceptions from the files, which was overruled, and on hearing on the exceptions the court found that no application was filed by the executrix for an allowance for legal services or for compensation for extraordinary services rendered as executrix; that no allowance had been made by the court; and that the executrix was not entitled to credit for the items listed in her third partial account.

From that finding and order of the Probate Court, the executrix appealed to this court on questions of law.

These facts bring us forthwith to a consideration of the claims and contentions of the parties to this appeal.

The widow claimed that when she elected to take under the law by that act the estate was divided into two parts, and that as far as she was concerned, the estate should be administered as though there were no will; and that the fees of the executrix for administering the half of the estate which she took under the law should be separately determined by the provisions of the statutes governing intestate estates.

The executrix contended that a court has no power under the provisions of the will to fix these fees, nor

to pass upon the amount thereof, except that if the fees charged by the executrix were so large as to be an evidence of fraud against the estate a court might exercise its equity powers to protect the estate. No charge of abuse of discretion, fraud or bad faith on the part of the executrix was claimed.

The sole question presented for consideration and determination is whether, under the provisions of the will in this case, the executrix was compelled to file an application for an allowance of attorneys fees and for fees for services rendered as executrix and secure the approval of the Probate Court for such an allowance, where the widow elected to take under the law in accordance with the provisions of Section 10504-55, General Code.

Whether the provision of the will which fixed the compensation of the executrix was against public policy; or the intention of the testator as expressed therein was to make a bequest to the executrix of the amount in excess of the fees provided by statute; or she could recover the regular statutory fees allowed to her as executrix in addition to the compensation given in the will; or the amount of the fees charged was excessive, were not argued orally or by brief, and while this court in its discretion may consider and decide errors which are not assigned or specified we are not required to do so, and we accordingly do not pass upon these questions. See Section 12223-21, General Code.

The right of the testator to make a will and dispose of his property by his last will and testament in any manner he desires, subject to certain exceptions, none of which we find apply in this case, is conferred by statute.

That right being established we must consider then his right to make provision by will for compensation which shall be paid to the executrix of his estate, and we find this latter right has long been recognized, and

the courts have held that the intention of the testator must control. See *Rote* v. *Warner,* 17 C. C., 342, 9 C. D., 536; *Fernald et al., Exrs.,* v. *Gooch,* 202 Mass., 408, 88 N. E., 763.

While courts do not favor the exercise of an arbitrary power unless it is clear it was the intention of the testator to confer it, yet such power may be created. See *Metcalf* v. *Gladding,* 35 R. I., 395, 87 A., 195.

In Ohio the right of a testator to fix by will the amount which shall be paid to the executrix of his estate is further recognized by statute. Section 10509-193, General Code, provides in part:

"Further allowance shall be made as the court considers just and reasonable for actual and necessary expenses, and for extraordinary services, not required of an executor or administrator in the common course of his duty. * * * When provision is made by the will of the deceased for compensation to an executor, that shall be a full satisfaction for his services, in lieu of such commissions or his share thereof, unless by an instrument filed in the court he renounces all claim to the compensation given by the will."

The executrix has not renounced her claim to the compensation given by the will by an instrument filed in the court.

This section of the statute indicates a legislative intent to grant to the testator the right to provide by will the compensation to be paid to the executrix of his estate. We find no statute which prohibits the testator from so providing, and none has been cited by counsel.

Obviously the testamentary intent of the testator must be ascertained from the will. A careful study of the language of the will has convinced us that the testator intended to confer upon the executrix of his estate power to perform any and all legal services which in her judgment were necessary or advisable in the administration of his estate and to carry out the provi-

sions of his will, and discretionary power to pay to herself from his estate such sum or sums as she deemed proper compensation for such services rendered and for any unusual services which she rendered as executrix, and intended to vest in her full power to be the sole judge of the value of such services, and therefore the executrix was vested with power to carry out the provisions of the will.

We are not justified in putting a construction on the language which granted the power to the executrix different than the plain import of the words used, and we cannot substitute our will or the will of any other court for the will of the testator, who conferred large discretionary powers upon the executrix of his estate. These powers must be defined, not restricted.

The desire and intention of the testator to confer discretionary power upon the executrix of his estate is clear to us, and a court in the absence of a showing of abuse of discretion is not authorized to interfere with the execution of the powers granted by will of the testator to the executrix of his estate, and the honest exercise of her discretion, even though we recognize that a grant of such arbitrary powers may be provocative of litigation.

The election of the widow to renounce the provisions of the will made for her and to take under the law did not destroy the efficacy of testator's last will and testament, other than to withdraw therefrom the one-half of the net estate, her interest in the estate established under the provisions of Section 10504-55, General Code, and she is not entitled to have the estate administered as to her one-half of the net estate as though there were no will. It is observed that the Legislature used the words "net estate" and not "gross estate."

"A taking against the will by a surviving spouse does not operate to render the estate intestate, and is not allowed to break the testamentary plan further

than is absolutely necessary * * * but the will is construed as if it contained no provisions for the renouncing spouse, and distribution is made as if he or she had died.'' 69 Corpus Juris, 1142, Section 2446. See, also, *Shearn* v. *Shearn*, 60 Ohio App., 317, 321, 21 N. E. (2d), 133; *Davis* v. *Mather*, 309 Ill., 284, 141 N. E., 209; *In re Estate of Grobe*, 101 Neb., 786, 165 N. W., 252; *Pittman* v. *Pittman*, 81 Kan., 643, 107 P., 235, 27 L. R. A. (N. S.), 602; *Davidson* v. *Miners & Mechanics Savings & Trust Co., Exr.*, 129 Ohio St., 418, 195 N. E., 845.

Upon these authorities we hold that the testator's estate was not rendered intestate when the widow elected to renounce the provisions of the will made for her and to take under the law and the other provisions of the will remain in full force and effect and must be administered as far as possible to effect the testator's intention, which included therein the provision naming the executrix and allowing her discretionary powers to fix her own compensation of which she was to be the sole judge, and her act does not destroy the testator's testamentary plan or render the will inoperative as between other persons named in the will. See *Davidson* v. *Miners & Mechanics Savings & Trust Co., Exr., supra,* where this principle is announced with approval. To hold otherwise would be to grant power to the widow to break the testamentary plan of the testator, and defeat his intent by merely electing to take under the law.

Having reached these conclusions we hold that the lower court erred when it overruled the motion of the executrix to dismiss the exceptions to the third partial account of the executrix and held that the executrix was required to file an application for allowance of fees as provided by statute.

From what we have said it follows that the judgment

of the lower court must be and hereby is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

CARTER, J., concurs.
NICHOLS, P. J., not participating.