# Alexander *v.* Bates *et al.*
# and
# Bates *et al. v.* Alexander.

*Proceedings in Chancery Court for Final Settlement of Administration of Decedent's Estate by Executor.*

1. *Construction of will; parol evidence inadmissible to show intention of testatrix.*—In the construction of a will, the instrument must be construed according to the writing itself; and parol evidence is inadmissible to show the intention or purpose of the testatrix in making certain provisions in the will.

2. *Same; charge of legacy with payment of debts.*—Where, in the first item of a will, a testatrix directs that all of her just

[Alexander v. Bates *et al.* and Bates v. Alexander *et al.*]

debts, funeral expenses and expenses of administration be paid out of her personal estate, and then in a separate item, bequeaths to a certain named legatee "whatever Alabama bonds I may have remaining at the time of my death, now amounting to seven in number of one thousand dollars each, and not used by my executor in the payment of my debts, funeral expenses and expenses of administration," said will does not expressly charge the bonds so bequeathed to the exoneration of the undisposed personal property of the testator, and the words "and not used by my executor in the payment of debts," etc., is not a direction to the executor to use said bonds, but confers upon him a mere authority to so use them at his discretion, or in case he finds it necessary for want of other available personalty; and where, in the payment of such debts as are mentioned, the bonds have not been used by the executor, and there is no necessity for their use, because of the existence of other personal property sufficient for the payment of outstanding debts, the said legatee is entitled to all of the bonds owned by the testatrix at the time of her death, undiminished by and free from any charge for the payment of the debts or expenses of the estate.

3. *Equity pleading; finality of decree rendered in administration of decedent's estate.*—Where the register, in pursuance of a decree of reference ordered by the chancery court in assuming jurisdiction of the administration of a decedent's estate, makes a report as to the amount of money received by the executor and the debts of the estate outstanding, to which report exceptions are filed, a decree of the court, which, after overruling such exceptions and correcting the report, then ratifies and confirms said report as corrected, is a final decree, and, as to the matters included in said report so confirmed, is binding not only upon the executor but upon the other parties to the suit; and not having been appealed from within the time allowed by law, such decree can not be brought in question or made the basis of assignments of error on an appeal taken from a subsequent and different decree, after the lapse of the time within which an appeal could have been taken from the former decree; and the mere fact that there was a joinder in the assignments of error based upon said former decree, does not give the appellate court jurisdiction to review such former decree.

4. *Final settlement of executor's accounts; compensation of executor.*—To deprive an executor, in a final settlement of the administration of his testator's estate, of the right to compensation and to be allowed certain items of expenses incurred in a suit against the estate, it must appear that he

[Alexander v. Bates *et al.* and Bates v. Alexander *et al.*]

was unfaithful in the administration, or was guilty of willful default or gross negligence which resulted in loss or injury to the estate; and where the only evidence introduced to support objections to the allowance of such compensation in the items of expenses does not show that the executor acted in the litigation referred to otherwise than from a reasonable regard for the interests of the estate, there is shown no sufficient cause for a forfeiture by the executor of his right to compensation and to be allowed the items of expenses incurred in the litigation.

5. *Same; attorney's fees.*—Where, in the contest of a will which is propounded for probate, the executor who is an attorney represents the interests of the estate and incidentally all the beneficiaries under the will, such executor is entitled, on the final settlement of the estate, to an allowance of a fee for his own services as attorney in such contest; and the mere fact that some of the legatees under the will were represented by other counsel in such contest is not sufficient to deprive the executor of his right to an allowance for said fees.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

Miss Susan F. Rouse died on September 7th, 1891, leaving a last will and testament. In this will Frederick G. Bromberg was nominated as executor. As such executor he filed the will in the probate court of Mobile county for probate. There was a contest of the probate of the will instituted, but it was subsequently dismissed.

Theodore C. Bates, Martha Bates Brown and Myra Eugenia Bates Bernard, as heirs and next of kin of Miss Susan F. Rouse, filed a bill in the chancery court of Mobile, on March 28, 1892, for the purpose of having the administration of said estate removed into the chancery court; and in addition to the other relief asked, the complainants prayed that their rights as next of kin and heirs at law of Susan F. Rouse be ascertained and determined; that Frederick G. Bromberg, as executor, be required to give bond or sufficient security, and that at the proper time the property and bonds of the estate be distributed as the rights of the complainants shall appear. There was attached to this bill a copy of the last will and testament of Susan F. Rouse, deceased.

[Alexander v. Bates *et al.* and Bates v. Alexander *et al.*]

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayer for, ordered the administration of the estate removed into the chancery court, and among other things decreed that the complainants in said bill were the next of kin and heirs at law of said Susan F. Rouse, deceased, and as such were entitled to that portion of her estate as to which she died intestate. It was also ordered in said decree that the register of the court should hold a reference and ascertain and report to the court what amount of money said Frederick G. Bromberg as executor of the estate of the said Susan F. Rouse, deceased, had received from the said estate, and what money he had collected and from what sources, and what debts, if any, of said estate were outstanding and unpaid; "and whether or not there is any reason why a final settlement of said estate should not be forthwith had." This decree was rendered on April 24, 1895.

In obedience to said decree rendered on April 24, 1895, the register held a reference and, after the hearing of the testimony, made a report. In this report he ascertained that there were certain credits which should be allowed Frederick G. Bromberg. The register also reported "that said estate is not ready for a final settlement, for the reason that there remains to be collected indebtedness due the estate." It was also stated in said report that "in reporting the debts as paid, reference is made only to those debts existing at the time of the death of Miss Rouse and the funeral expenses." The debts incurred in the administration are not reported, as they do not come within the scope of the reference. This report was filed on October 22, 1895.

There were exceptions filed to this report by the complainants. Upon the submission of the cause for decree upon the report of the register and exceptions thereto filed, the court decreed that the exceptions of the complainants were not well taken, and ordered them overruled, and after making a correction in said report as to the balance in the hands of Bromberg at the death of Miss Rouse, fixing the amount at $8,000 instead of $8,247 as found by the register, the report as thus cor-

rected was, in all things, ratified and confirmed. This decree was rendered on January 16, 1896.

On the 30th of October, 1896, Frederick G. Bromberg, as executor of the estate of Susan F Rouse, filed his accounts and vouchers for the final settlement of his trust, and prayed to have a final settlement of his executorship. In this account he charged himself with having received $14,735.65. On the credit side of the account, he credited himself with the sundry disbursements which were allowed in the report of the register made on October 22, 1895, which report was confirmed by the decree of the chancellor on January 16, 1896. Among the other items of credit were the state and county taxes for the year 1891, amounting to $124.02, and there were many other items of credit which evidenced the disbursements by the executor in payment of the expenses incurred in conducting the litigation, to which the estate had been subjected. These items included the payment of attorney's fees and the court costs in the chancery court and in the Supreme Court on two former appeals, incident to the litigation which was commenced by the filing by the complainants of the original bill on March 28, 1892; and also the preparing of briefs, stenographic and type writing work in the preparation of said case. There were also included among the items of credit the following: For resisting the contest of the will in the probate court, $814; "5 per cent. commissions on $14,-735.65, $786.78." The executor also reported that there had come into his hands as executor seven Alabama state bonds, class C. of $1,000 each, with all the coupons attached from January 1, 1892, being the same bonds referred to in the fourth item of the will of S. F. Rouse, deceased; that of these bonds he had delivered to said Alexander four of them, together with all the coupons attached to said bonds, for which he had taken a receipt, and there remained still in his hands three of said bonds; that from these three remaining bonds there "are to be deducted the debts, funeral expenses and expenses of administration of the deceased was set out in the statement heretofore filed" in the case. Upon the filing by the executor of his accounts and vouchers and his asking

for a final settlement, the court ordered that said accounts and vouchers be referred to the register for his examination and for a report thereon.

The complainants filed their exceptions to the executor's accounts, and objected to the several items on the debit side of said account, which evidenced the disbursements as set forth above. Henry Alexander filed his exceptions to the executor's accounts, which were as follows: "1st. Alexander objects to the item of $814, numbered 27, on said account as excessive. The will was not contested in the probate court. The contest was filed, but afterwards withdrawn and the will was probated without contest. $814 is entirely too much and unreasonable for a fee for such services; $255 is a full fee.

"2. Alexander objects and excepts to so much of the supplemental report filed by said executor on the 4th day of Novembr, 1896, as is shown at the bottom of said supplemental report, and as is in the following words, to-wit: 'From which are to be deducted the debts, funeral expenses and expenses of administration of the deceased as set out in the statements heretofore filed by me in this cause, and of record thereon.' "

In accordance with the order of the court, the register held a reference for the purpose of ascertaining the correctness of the accounts and vouchers of the executor. After holding the reference, he filed his report on December 18, 1896, in which he reported substantially as follows: That he found the debit side of the executor's account in all things correct, but that on the credit side of said account the executor had improperly credited himself with $124.02 as taxes for the year 1891, inasmuch as said amount was allowed by the register's report of October 22, 1895, a proper charge against the estate of Susan F. Rouse, deceased. That the executor had improperly credited himself with the sum of $814, as compensation for his services in the matter of the contest of the will of Susan F. Rouse, deceased, in the probate court of Mobile county; that a reasonable and proper fee for the services rendered by the executor in the matter of the contest of the will would be $489.50. That the sum of $736.78 would be a reasonable and proper

commission to be allowed the executor, being 5 per cent. on the monies that came into his hands as such executor; that upon re-stating the accounts of the executor of the estate of Susan F. Rouse, deceased, the register found that said executor had received $14,735.65, and had properly disbursed the sum of $14,097.15, leaving in his hands as such executor a balance of $638.50, which said balance is due the estate of Susan F. Rouse, deceased. It was further reported that the executor had in his hands three Alabama state bonds, class C. of the value of $1,000 each, with all of the coupons attached from July 1, 1892, which bonds were three of the seven bonds referred to in item 4 of the will of Susan F. Rouse, and the register further found and reported that the debts and funeral expenses of said decedent and the costs of the administration of her said estate should be deducted and paid from the proceeds of the said three bonds and the interest coupons attached. There was then set out in the report, a statement of the debts and funeral expenses and the costs of the administration of said estate and the costs of the court remaining due and unpaid at the date of making the report, amounting in all to $2,647.20. The register further reported that this amount, $2,647.20, together with whatever surplus there may be left from the proceeds of said bonds and coupons, and together with the amount of $638.50, would cover the total amount in the hands of the executor to be disbursed.

Upon the filing of this report by the register, Henry Alexander, one of the defendants in the cause, excepted thereto upon the following grounds: 1. He excepts and objects to the allowance to Frederick G. Bromberg of the fee of $489.50 for services rendered in the matter of the proposed defense of the contest of the will of Susan F. Rouse, deceased, which was instituted, but was subsequently dismissed; but claims that $250 was a reasonable fee for such services. 2. He further excepts and objects to so much of the register's report as states that the debts and funeral expenses of said decedent and the costs of the administration of her estate should be deducted and paid out of the proceeds of the three bonds

which remained in the hands of the executor, and were part of the bonds referred to in the will of said Susan F. Rouse. He then separately excepted and objected to each of the items set out in said report as constituting the debts, funeral expenses and costs of administration, and also the aggregate of these items, as being proper charges against the three bonds and coupons which were bequeathed to Henry Alexander under the will of the decedent.

The defendant, Frederick G. Bromberg, as executor, etc., excepted to the report of the register in finding that the executor had improperly credited himself with the sum of $814, and reporting that he was entitled to only $489.50, in payment of his services rendered in the matter of the contest of the will.

The complainants in the bill filed exceptions to the register's report of December 18, 1896, upon substantially the following grounds: 1. They objected to that part of the report that passed and reported as a proper credit in the executor's account the sundry disbursements allowed in the report of the register dated October 22, 1895, and which was confirmed by a decree of the chancellor on January 16, 1896.

2. They excepted and objected to the report of the register in so far as it allowed the executor the sum of $489.50 in the matter of the contest of the will of Susan F. Rouse, because the testimony showed that his services in such matter were not necessary; since the heirs and legatees had employed and retained the services of competent attorneys in the matter of the contest of said will.

3. The complainants also objected to the allowance to the executor of $736.78 as commissions against the estate of Susan F. Rouse, deceased, which was not disposed of by her will, because the said Bromberg by entering into an improper contest with the heirs which had resulted in a loss to them, forfeited his right to commissions, in so far as they might be a charge against the funds to which they were entitled.

4. The complainants also excepted and objected to each of the items allowed to the executor for the pay-

ment of the costs, expenses and attorney's fees incurred in the litigation in which the estate was involved, because each of said several items were incurred in an improper litigation by the executor with the heirs at law. The items of the will which were referred to and involved in this proceeding, and also the other facts of the case necessary to an understanding of the decision on the present appeal, are set forth in the opinion.

Upon the submission of the cause for decree upon the report of the register on the accounts of the executor, and upon the exceptions filed thereto, the chancellor rendered the following decree: "This cause coming on to be heard at the last term of this court and being submitted for a decree upon the report of the register, filed December 18th, 1896, and upon the exceptions to the same, and the same being argued and understood by the court, it is ordered, adjudged and decreed that all of the exceptions to said report be, and the same are overruled. It, however, appearing to the court that in casting up the account, the register of this court committed an error in calculations, by reason of which he entered the costs of administration of said estate set forth in a statement of the accounts attached to the report, at seventeen hundred and seventy-nine 15-100 dollars, whereas the same ought to have been set forth and stated as two thousand and eighteen 65-100 dollars. Now, therefore, it is further ordered, adjudged and decreed that said report be and the same is hereby corrected in said report by changing the footing of the funeral expenses, costs of administration, and court costs remaining due and unpaid, accordingly, so that the same will stand at twenty-eight hundred and eighty-six and 70-100 dollars, instead of twenty-six hundred forty-seven 20-100 dollars. It is, therefore, further ordered, adjudged and decreed that said report be and the same is hereby further corrected so as to insert the sum of twenty-eight hundred and eighty-six 70-100 dollars in lieu of said sum of twenty-six hundred and forty-seven 20-100 dollars, where the same appears. * * * It is further ordered, adjudged and decreed that said report, as the same is hereby corrected, be and the same is hereby in all things confirmed.

[Alexander v. Bates *et al.* and Bates v. Alexander *et al.*]

"It is further ordered, adjudged and decreed that the said funeral expenses, and the costs of the administration of said estate, and costs of court remaining due and unpaid, making in all said sum of twenty-eight hundred and eighty-six and 70-100 dollars, together with the other costs of court in this case incurred be, and the same are hereby declared to be a charge upon the three Alabama state bonds, class 'C.' numbered respectively 803, 923 and 947, with all coupons attached from July 1st, 1892, inclusive, the same being three of the seven bonds referred in in item four in the will of Susan F. Rouse, deceased; and it is further ordered, adjudged and decreed that the said executor, Fred. G. Bromberg, be, and he is hereby ordered to forthwith sell said bonds, and apply proceeds thereof, as far as necessary, to the payment of the said funeral expenses and costs of administration, and costs of court remaining due and unpaid at the filing of said report, already above fixed at twenty-eight hundred and eighty-six 70-100 dollars, together with the other costs of court in this cause incurred, and that he pay over the balance of said money, so realized from the sale of said three bonds, if any, to the legatee, Henry Alexander.

"It is further ordered, adjudged and decreed that the executor, Frederick G. Bromberg, now has in his hands, belonging to said estate, and being a balance from the assets of said estate not disposed of by said will, the sum of thirty-five hundred and twenty-five and 20-100 dollars, the same being the sum of six hundred and thirty-eight 50-100 dollars, shown to be the assets now in his hands as a balance, plus said sum of twenty-eight hundred and eighty-six 70-100 dollars, which were retained by him out of said assets not disposed of by said will, with which to defray the costs of administration which have been above provided for out of said three bonds, and the said executor is hereby instructed and directed to forthwith pay over to the complainants in this cause, Theodore C. Bates, Martha Ann Bates Bryan, Eugenia Bates Barnard, share and share alike, said sum of thirty-five hundred and twenty-five 20-100 dollars, which is decreed to be due to them by said executor, and for

22

the payment of which let execution issue, and that said executor likewise deliver to the complainants the family Bible of Susan F. Rouse." This decree was rendered on July 10, 1897.

Form this decree the defendant, Henry Alexander, appealed, and assigned as error the decree charging upon the bonds devised to him the payments of the debts, funeral expenses of the testatrix and all the expenses and costs of administration and the rendition of the final decree.

By consent of the appellant, in writing, indorsed on the transcript, the complainants in the original bill, Theodore C. Bates et als., separately and severally made cross-assignments of error, wherein they assigned as error the rendition of the decree on July 10, 1897, in which the chancellor overruled the complainant's several exceptions to the register's report filed December 18, 1896, and fixing the amounts of credit to which the executor was entitled in accordance with the said report of the register as corrected by said decree. The complainants also assigned as error the rendition of the decree of January 16, 1896, in confirming the report of the register filed October 22, 1895.

BESTOR & GRAY and FREDERICK G. BROMBERG, for defendants, Alexander and Bromberg.—The decree in this case is a final decree. It determined the equities of the parties and ascertained the amount of money in the hands of the executor at the time of the death of his testatrix.—*Henderson v. Ala. G. L. Ins. Co.*, 72 Ala. 32; *Hunt v. Stockton Lumber Co.*, 113 Ala. 387.

The right of the administrator to compensation for his services in the probate court in probating the contesed will and for his services in conducting its lengthy administration, is well established by the decisions of this court. Unless the executor has done something to forfeit his legal rights, he is entitled to compensation in the matter of the probate of the will, to the customary law fees prevailing in Mobile in such cases.—*Henderson v. Simmons*, 33 Ala. 291. See also *Powell v. Powell*, 10 Ala. 900; *Smith v. Wilson*, 38 Ala. 695; *Hall v. Wilson*,

14 Ala. 302; *Pearson v. Darrington,* 32 Ala. 227; *Neilson v. Cook,* 40 Ala. 498.

The payment of Buck was admittedly a payment after her death of a lien secured by a prior mortgage and which Colonel Buck might have enforced without regard to the statute of non-claim.—*Fearn v. Ward,* 80 Ala. 555; *Inge v. Boardman,* 2 Ala. 331.

GREGORY L. & H. T. SMITH, for complainants Bates. Wherever a testator provides that his debts shall be paid out of a particular fund, or property, then such fund or property must be used first in exoneration of the undisposed portion of the estate.—3 Jarman on Wills, 495, 525, 526; *Allen v. Patton,* 2 S. E. Rep. 146.

The attorney's fees and the expenses of probating the will are not in any event proper charges against the undevised portion of the estate. Where expenses are incurred in a litigation that involves only a portion of the estate, the costs and expenses thereof are chargeable only against that portion involved.—*Johnson v. Holifield,* 82 Ala. 130; *Teague v. Corbett,* 57 Ala. 545.

The burden is upon an executor who claims compensation for special services as an attorney, to show what is a reasonable amount to be so allowed him, and until he makes this proof he can recover nothing.—*Howard v. Pearson,* 60 Ala. 410; *Jenks v. Terrell,* 73 Ala. 238; *Wright v. Wright,* 64 Ala. 88; *Teague v. Corbett,* 57 Ala. 529; *Clark v. Knox,* 70 Ala. 617.

SHARPE, J.—Upon a former appeal the will involved in this cause was set out at length in the report of the decision wherein it was in part construed.—See *Bromberg v. Bates,* 112 Ala. 362. Since that appeal the appellee executor has made two settlements in the chancery court. This appeal is from the decree rendered upon the last settlement. The decree subjects three Alabama bonds left by the testatrix to the payment of her funeral expenses and of certain costs and expenses of administration. The appellant, Alexander, claims these bonds as a legatee and the only question pressed for decision

upon his appeal is whether the bonds may properly be so subjected.

Some parol proof is found in the record of declarations made by the testatrix touching the disposition of her Alabama bonds, but it is of no value in construing the will. Parol proof may be admitted when necessary and useful to disclose the circumstances surrounding the testator, the situation of his property, and of the persons who are affected by the will, so as better to enable the court to learn the testator's intention and thereby to arrive at the meaning of provisions otherwise obscure, yet the instrument must be construed according to the writing itself, illustrated it may be by a view of the situation, but without recourse to oral declarations of meaning or intention.

The only provisions of the will which relate to the debts, expenses and bonds in question are contained in the first and fourth items which are as follows: "Item first. It is my will that all my just debts, funeral expenses and expenses of administration be paid out of my personal estate. * * * Item fourth. I give and bequeath to said Henry Alexander whatever Alabama bonds I may have remaining at the time of my death, now amounting to seven in number, of one thousand dollars each, and not used by my executor in the payment of my debts, funeral expenses and expenses of administration." Bequests absolute in terms are made to various persons and certain property is mentioned as undisposed of over which power of disposition is reserved to be made by codicil. No codicil was made and of the undisposed of property besides real estate, personal property remained amply sufficient to pay the debts and expenses and from its proceeds the executor has paid most of the debts and expenses.

It is plain that the will does not expressly charge the bonds, and we are of the opinion that its language does not imply that they are to be charged to the exoneration of the undisposed of personalty. The words "and not used by my executor in the payment of debts," etc. are not equivalent to a direction to the executor to use the bonds and they seem to imply no more than a mere

authority to use them either at the executor's discretion or in case he should find such use necessary for want of other available personalty. Whether the authority was so discretionary need not be determined since it has not been exercised and since under our construction of the will the words last quoted were not intended to qualify the bequest of bonds except upon the contingency of their use by the executor. This is according to the letter of the will which must be the guide to the testatrix's intention in the absence of a safer one. This construction is assisted by reference to the first item wherein the personal estate generally is mentioned as the source from which the debts and expenses are to be paid. The statute commits the general personality to the executor's administration and that the testatrix intended to do so is clear from her expressed intention to dispose of her remaining property by means of a codicil to the same will in which she names the executor. Therefore, it must have been within her contemplation that the executor in obtaining money to make the directed payments would not be confined to property included in the will.

No bonds having been used by the executor and there being no necessity for their permitted use, the condition exists which by the express terms of the will entitles the appellant Alexander to have them undiminished by the charge imposed on them by the decree. Under Alexander's appeal the decree so far as it creates the charge in question will be reversed and the cause will be remanded for further proceedings in accordance with this opinion.

In the cross-appeal which is by the original complainants, Bates and others, certain assignments of error are made by the cross appellants on the decree of January 16th, 1896, which ascertained the amount of money in the hands of the executor and belonging to the testatrix at the time of her death. That decree was based on a report of the register made pursuant to a reference ordered and held, whereon the parties were represented and evidence was taken on both sides of the controversy. Exceptions were filed to the findings of the register; and the decree, after disposing of the exceptions, proceeds as follows: "It is, therefore, further decreed that the total

amount in the hands of said Bromberg (the executor) at the time of the death of Miss Rouse (the testatrix) was eight thousand dollars, and the report is in this respect corrected. It is further adjudged and decreed that the report as so corrected be, and it is hereby, in all respects, ratified and confirmed."

The finality of a decree is not determined by the stage of the suit at the time it is rendered, but upon whether it concludes a party in imposing on him a liability or in depriving him of a right.

That decree makes final disposition of the special matter then being litigated and was binding not only upon the executor but upon the cross appellants and it has never been appealed from. Either of the parties might have appealed within the time allowed by law, but that time elapsed prior to the present appeal, which, being from a subsequent and different decree, gives this court no jurisdiction to review the former final decree.

Joinder in error may waive irregularities in the mode of taking an appeal, but it does not dispense with the appeal.—*Etowah Min. Co. v. Wills Walley Min. & Mfg. Co.*, 121 Ala. 672.

Objections were made to the allowance to the executor of commissions, and of certain items of expense incurred by suits on the sole ground that the litigation was improperly entered into and entailed loss upon the heirs. The only evidence to which the chancellor was referred in support of these objections was the papers pertaining to the litigation and from them it cannot be seen that the executor acted in the litigation otherwise than from a reasonable regard for the interest of the estate. An executor forfeits his right to compensation only as incident to an unfaithful administration and where he has been guilty of default or gross negligence of which loss to the estate has been the consequence.—*Pearson v. Darrington*, 32 Ala. 227; *Smith v. Kennard's Extr.*, 38 Ala. 695; *Ivey v. Coleman's Extr.*, 42 Ala. 409.

Allowances to the executor for his own services as an attorneys in the will contest were objected to on no other ground than that the services were unnecessary because the contesting heirs and legatees had employed counsel

[Hunter v. Mellen.]

to represent them on the contest. To support this objection the chancellor was referred only to the testimony of the executor himself. That shows that some of the legatees were represented by counsel, but that he as executor represented the interests of the estate and incidentally of all beneficiaries under the will. In *Henderson v. Simmons*, 33 Ala. 291, it is said: "It is the privilege if not the duty of one named as executor of a paper purporting to be a last will and testament to propound it for probate. If he have no knowledge or reasonable grounds on which to predicate a well grounded suspicion against the legality of the will and propound the paper in good faith, he but carried out the intention with which he was appointed. Any reasonable costs and expenses incurred by him in the honest endeavor to give effect to the will is a proper charge on the estate in his hands." We must assume that this executor was acting in good faith since his effort to establish the will, though resisted, was successful. These allowances to the executor were made by the register on testimony taken before him on a reference, and the presumption is in favor of their correctness.

Those objections to the executor's credits which were made on the ground that the payments represented by the credits were not charged upon the Alabama bonds are disposed of by what we have said in construing the will.

As to the cross appellants Bates and others the decree will be affirmed at their cost.