[No. 20976. Department One. April 5, 1928.]

*In the Matter of the Estate of* O. B. WILLIAMS, *Deceased.*[1]

[1] EXECUTORS AND ADMINISTRATORS (161)—COMPENSATION—EFFECT OF TESTAMENTARY PROVISIONS. Under Rem. Comp. Stat., § 1528, providing that, where no compensation is provided by will, or the executor shall renounce his claim thereto, the court shall allow just and reasonable compensation, renunciation must be made at the earliest possible time, and executors who enter upon the performance of the duties cannot, two years later, renounce the compensation provided for, and thereafter claim greater compensation.

Appeal from an order of the superior court for King county, Smith, J., entered September 21, 1927, allowing executors' fees, after a hearing before the court. Reversed.

*Daniel Landon, William H. Pemberton,* and *Roy D. Robinson,* for appellants.

*Cosgrove & Terhune* and *Kerr, McCord & Ivey,* for respondents.

TOLMAN, J.—The deceased, O. B. Williams, died on May 15, 1924, leaving a considerable estate. He left

[1]Reported in 266 Pac. 137.

also a non-intervention will, by which he appointed the respondents, E. S. McCord and Howard Cosgrove, as executors and trustees thereunder, without bond. The will contains the following provisions with respect to their compensation:

"I direct that my executor and trustee, E. S. McCord, receive the sum of two thousand dollars ($2,000) per year for the first three years after my death for his services as executor and trustee, which sum shall include payment for his services as attorney for the winding up and distribution of my estate; and I direct that my executor and trustee, Howard Cosgrove, shall be paid the sum of two thousand dollars ($2,000) per year for the first three years after my death, for his services as executor and trustee, which sum shall also include payment for any services rendered by him as attorney in the management and distribution of my estate. After the first three years, my executors and trustees shall each be paid the sum of five hundred ($500) dollars per year until the final distribution of my estate, for their services both as executors and trustees and as attorneys."

It seems to be admitted that the will was written by respondent McCord, and that it was admitted to probate on May 22, 1924, on the petition of respondent Cosgrove. The court, in admitting the will, confirmed the appointment of the executors, and they at once qualified and entered upon their duties under the will, and have ever since been executors, or trustees, or both, engaged in settling the estate and carrying into effect the terms of the will under which they are acting.

On May 15, 1926, practically two years after entering upon the performance of such duties, the respondents prepared, signed and caused to be filed in the cause, the following notice, entitled and numbered in the probate proceedings:

"To the Judge of the above entitled Court, and to all other persons to whom it may concern:

"The undersigned, the duly appointed, qualified and acting executors of the Estate of O. B. Williams, deceased, do hereby renounce their claims for compensation as such executors, as provided in the last will and testament of said deceased;

"And further notice is hereby given that they and each of them will, in due time, petition the court for allowance and payment to them of such compensation as to the court shall seem just and reasonable for their services as such executors already rendered and to be rendered.            Howard. G. Cosgrove
                    "E. S. McCord
"Executors of the Estate of O. B. Williams, deceased."

About the 8th day of June, 1927, or substantially a year after filing the renunciation, the respondents filed a petition reciting somewhat in detail what they had so far done and what services they had so far rendered as executors, and asked for a partial payment on account of their services as such executors in the sum of $15,000 each. Appellant here, the widow of the deceased and a beneficiary under the will, answered the petition and denied the right of respondents to any payment or allowance except as provided in the will. Hearings were had, findings were made, closely following the allegations of the petition, to which exceptions were taken, and on September 21, 1927, an order was entered by the court directing the executors to pay themselves each the sum of $12,500 in full for their services as executors up to May 15, 1927. The present appeal is from that order.

The briefs and arguments have taken a wide range, but, as we now see it, the question presented is rather a simple one and does not require us to determine what services were rendered as executors or what as trustees, or when respondents did, or must, cease to be executors and become trustees only.

[1] It has already been pointed out that the will was presented for probate without any suggestion that respondents elected not to be bound by its provisions with respect to their compensation. We need not inquire whether the will was written by one or the other or both, or whether the writer, by formulating and putting into the will the testator's wishes with respect to compensation, became bound as by contract with respect thereto; though it may be said, in passing, that the testator must have so believed, or the provision would have been changed or another named to execute the provisions of the will.

The statute is brief and simple. Section 1528, Rem. Comp. Stat., [P. C. § 9790], so far as applicable here, reads:

"Where no compensation shall have been provided by will, or the executor shall renounce his claim thereto, he shall be allowed such compensation as to the court shall seem just and reasonable, based on the services rendered; . . ."

It must be given a practical construction, so as to carry out its evident purpose and prevent its unlawful use for a purpose not intended. Plainly, the statute contemplates that a testator may by his will fix the compensation, and if that be the testator's right, it is a right which does not die with him. If a living person says to another, "Do certain work [describing it] and I will pay you $1,000;" and the person to whom that is said replies not at all, but proceeds immediately to do the work, can either say there was no contract? Or can he who has done the work, or half of it, finding it more arduous than he anticipated, then say, "True, you made the offer, but I did not in words accept it. I now find the work is reasonably worth $2,000, and that sum I now demand"? Must not the answer be, "You are bound by your contract"? If this

be the rule as to living persons, how much more important and salutary to apply it when the mouth of one party has been closed by death. The language of the statute is more inferential than direct, but it seems to us that it does not evidence a legislative intent that an executor may repudiate his contract when half performed, simply because it has proven more burdensome than anticipated, and both in good law and good morals it must mean that the renunciation of the compensation fixed by the will must come at the earliest possible time, before the duties are entered upon and before the offer contained in the will is accepted by acting thereunder; otherwise an executor may speculate, procrastinate and delay until he feels that he has put himself in a position to obtain more from the court than the will allows. Such a course would be abhorrent to the law and against good morals.

"The compensation of an executor or administrator may be fixed by an agreement between him and persons beneficially interested in the estate, or even by an agreement made with the testator in his lifetime. Pursuant to such agreement the representative may be bound to accept a compensation less than he would be entitled to under the statute, or even to serve without any compensation whatever." 24 C. J. 991.

As we have seen, the testator by his will proposed a fixed compensation for certain specified services. The respondents accepted the proposal by entering upon the discharge of the duties specified, and we therefore hold that they thereby became bound by their contract, and might not afterwards renounce it for their own advantage.

Reversed, with directions to dismiss the petition.

PARKER and MITCHELL, JJ., concur.

FRENCH, J., concurs in the result.