[L. A. No. 24757. In Bank. July 15, 1958.]

Estate of CARRIE HAZELTINE THOMPSON, Deceased. DON R. LEHMAN, Appellant, v. HOWARD S. CROSBY et al., Respondents.

Robert S. McClean and McClean, Salisbury, Greenwald & McClean for Appellant.

No appearance for Respondents.

SHENK, J.—This is an appeal by Don R. Lehman from an order denying his petition for an allowance of attorney's fees in addition to an allowance of executor's fees. He had acted in the dual capacity as executor and attorney for himself as executor in proceedings for the probate of the estate of Carrie Haseltine Thompson, deceased.

Mr. Lehman, hereinafter designated the petitioner, is a duly licensed attorney at law and in the lifetime of the decedent acted as her attorney. By a second codicil attached to her will she nominated him as her sole executor and further directed, "that in the event [he] acts as Executor hereunder, and also acts as his own attorney . . . he shall be allowed his fees as Executor, together with the fees which may be allowable to the attorney for the Executor." Mrs. Thompson died February 22, and on March 19, 1956, on his own petition, the petitioner was appointed executor of her will. She left no immediate family, her beneficiaries being her nurse, certain friends, and various "in-laws." The value of the estate was slightly less than $100,000. The appellant acted both as executor and as attorney throughout the proceedings in probate and in his final account sought and was allowed the statutory executor's fees as well as extraordinary fees. He also sought an additional allowance of $2,586.75, that being the amount which ordinarily would be fixed as the fee for the attorney for the executor in accordance with statutory provisions. (Prob. Code, §§ 901, 910.) The trial court found that the legal services rendered to the estate by him were valued in the amount sought, but concluded that the provision in the will for the additional payment of attorney's fees was void. The allowance was accordingly denied.

The general rule with reference to the question involved is set forth in the *Estate of Parker,* 200 Cal. 132 [251 P. 907, 49 A.L.R. 1025], wherein the court denied the payment of statutory attorney fees to a law firm of which the executor was a partner. ■ It was stated at page 135 of the opinion in that case: "[I]f the executor . . . being himself a practicing lawyer, elects to act as his own attorney in the performance of the legal services incident to the administration of the estate, the general rule is that he will not be entitled to an

allowance against the estate for his professional services, in the absence of some statutory provision entitling him thereto." (See also *Estate of Vokal,* 121 Cal.App.2d 252 [263 P.2d 64] ; *Estate of Lair,* 70 Cal.App.2d 330 [161 P.2d 288] ; *Estate of Scherer,* 58 Cal.App.2d 133 [136 P.2d 105].) It is noted that such a statutory provision was enacted in the State of New York where, in 1916, the Legislature changed the rule to provide in addition to executor's fees, for the payment for legal services rendered by attorneys for themselves as executors in probate proceedings (Laws 1916, ch. 596), and the statute changing the rule has received judicial approval. (*In re Runk,* 181 App.Div. 461 [168 N.Y.S. 970], 224 N.Y. 570 [120 N.E. 875].)

The reason for the rule in this state, as declared in *Estate of Parker, supra,* at page 137, quoting from *Broughton* v. *Broughton,* 5 De Gex, M. & G. 160 [43 Eng. Reprint, 831], is as follows: "[N]o person in whom fiduciary duties are vested shall make a profit of them by employing himself, because in doing this he cannot perform one part of his trust, namely, that of seeing that no improper charges are made. . . ." The petitioner does not dispute the propriety of the foregoing declarations in *Estate of Parker* and in other decisions to the same effect. He contends that there are other considerations which require another exception to the rule, namely, in those cases where the testator or testatrix expressly provides in the testamentary document for the allowance of both executor's and attorney's fees to the same person. Such a testamentary direction was not made in the *Estate of Parker* nor in the other cases following the theory of that decision, whereas in the present case Mrs. Thompson's intention was expressed in clear and unequivocal language and leaves no doubt but that she wished the petitioner to receive the compensation for legal services if he should choose to perform them. Unquestionably there is firmly implanted in our law a policy which should control with a force equal to that of the legislative direction in the State of New York. Such policy is that of giving full force and effect to the clear intention of a testatrix. (Prob. Code, § 101.) Here that intention is present, and the petitioner's position should be sustained.

The precise question appears to be a novel one insofar as direct adjudication is concerned. In the matter of *In re Estate of Ellis,* 66 Ohio App. 121 [32 N.E.2d 23], a testator provided in his will that his designated executrix, an attorney, might perform legal services for the estate as well as the

ordinary duties as executrix. The court refrained from passing on the question whether the provision in the will was against public policy for the reason that the point was not argued by the parties. The court held that the provision was otherwise valid and that the executrix was entitled to compensation accordingly. In a number of other states the courts have approved the payment of additional compensation to personal representatives of estates of decedents for the performance of legal services. In doing so they have not concerned themselves with policy considerations. They have held generally that as the personal representative would have been authorized to employ another as attorney and would have been entitled to an allowance for his legal services, he was entitled to an allowance for those fees where he has performed the legal services himself. (*In re Estate of Wilson* (1910), 83 Neb. 252, 256 [119 N.W. 522] ; *Sloan* v. *Duffy* (1903), 117 Wis. 480, 485 [94 N.W. 342] ; *Wisner* v. *Mabley Estate* (1899), 74 Mich. 143, 152 [41 N.W. 835] ; see also *In re Williams' Estate* (1928), 147 Wash. 381 [266 P. 137] ; *Alexander* v. *Bates* (1899), 127 Ala. 328 [28 So. 415].)

Although the problem has not been squarely presented in probate proceedings, a similar question involving substantially the same considerations has been resolved in favor of the intention of the trustor in cases dealing with transactions between a trustee in his fiduciary capacity and in his individual capacity. The Restatement of the Law, Trusts, section 170, comments (p. 440) states: "By the terms of the trust the trustee may be permitted to sell trust property to himself individually . . . or otherwise to deal with the trust property on his own account." The rule is expressed in 2 Scott on Trusts, section 170.9 (p. 1213) as follows: "By the terms of the trust the trustee may be permitted to do what in the absence of such a provision in the trust instrument would be a violation of his duty of loyalty." The cases in other jurisdictions involve for the most part real estate transactions wherein the trustee might make an individual profit by buying and selling property to and from the trust. The basic policy in those cases prohibits such transactions (Civ. Code, § 2229), but this policy is deemed to have been overridden where in conflict with a specific direction in the governing instrument. In the present case the same considerations are present in favor of compliance with the expressed wishes of the testatrix. ▉ By imposing her faith and trust in her designated executor and providing for his compensation, the

purpose of the policy which might otherwise restrict self-dealing transactions can no longer be accomplished and the policy is no longer a controlling consideration. There is here the added safeguard of a statutory standard by which the services performed for the estate may be objectively evaluated.

It is well settled that the paramount rule in the construction of a will is that the will must be interpreted according to the intention of the testator (*Estate of Wilson*, 184 Cal. 63, 66-67 [193 P. 581]; *Estate of Murphy*, 157 Cal. 63, 69 [106 P. 230, 137 Am.St.Rep. 110]; *Estate of Young*, 123 Cal. 337, 344 [55 P. 1011]; *Estate of Newman*, 68 Cal.App. 420, 423 [229 P. 898]; 26 Cal.Jur. 897), and that intention must be given effect as far as possible. (Prob. Code, § 101.) In the present case there can be no dispute as to the intention of the testatrix and hence the only problem is the fulfillment of that intention. Her direction in disposing of her estate should be given effect as she has provided.

The order is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.