[Civ. No. 9490.   Third Dist.   Jan. 30, 1959.]

Estate of AUGUSTUS LORING HART, Deceased. FRED B. HART, as Administrator, etc., Appellant, v. LILLIAN A. WORTHINGTON et al., Respondents.

Fred B. Hart, in pro. per., for Appellant.

Brandenburger, White & Dillon for Respondents.

VAN DYKE, P. J.—This is a judgment roll appeal by Fred B. Hart as administrator of the estate of Augustus Loring Hart, deceased, from a decree of the probate court. Appellant-administrator filed in the estate proceedings a document entitled "Petition, Waiver, Report and Accounting of Administrator." As reflected in the document the status of estate proceedings stood as follows: Notice to creditors had been published. The time for filing claims had elapsed and no claims had been filed. Appellant-administrator had filed his inventory of assets and the assets had been appraised. All costs of administration excepting only attorneys' fees and commissions of the administrator had been paid. There were no debts outstanding. Inheritance taxes had been paid in full. Some of the estate property had been sold during the course of administration. By partial distributions there had been distributed all property in the estate having its source and origin in separate property of appellant's decedent with certain listed exceptions. A final judgment had been obtained by appellant as administrator against Lillian Worthington, administratrix of the estate of Irene I. Hart, who had predeceased appellant's decedent and whose wife she had been. By this judgment it had been decreed that certain property which Lillian Worthington as such administratrix had taken possession of as being property of the estate of Irene had been either separate property of appellant's decedent or property of the preexisting community and therefore belonged to and ought to be probated as assets of the estate of Augustus. This judgment had not been wholly satisfied.

Petitioner prayed that the court allow and confirm his account as rendered; that the court fix the attorneys' fees for services rendered to him by attorneys both as to their general fees and as to fees for extraordinary services rendered. There were other matters which the petitioner requested the court to act upon but they will be discussed later. There was no prayer for final distribution.

Before discussing the contentions of error advanced by appellant, we will state briefly the vesting of the descent of decedent's estate. Appellant is the sole surviving brother and kin of the decedent and succeeded to all of the estate except that portion thereof which was formerly community property of the decedent and his predeceased wife, Irene. As to that community property one-half descended to appellant and the other half to respondents herein, two of whom are sisters, one of whom is a brother and one of whom is a niece of Irene.

Appellant first contends that the court erred in dismissing that portion of the petition which sought relief against Lillian Worthington as administratrix with the will annexed of the estate of Irene, and William Dobkins, her attorney, in requiring them to deliver to appellant as administrator assets adjudged to belong to the estate of Augustus. By his petition herein appellant sought to have an order made by the court in probate based upon said judgment. There is nothing in this record to indicate that the court had obtained any jurisdiction over Lillian A. Worthington in her capacity of administratrix of the estate of Irene. As we have said this is a judgment roll appeal. The only parts of the record below which have been brought to us are the following: The petition, the objections thereto, the decree and order constituting the dismissal now under discussion, the notice of appeal and the notice and request for reporter's and clerk's transcripts. Although it appears from this last notice that as filed it requested a reporter's transcript, none has been brought up. Lillian Worthington appeared as an heir and filed objections as such. She specifically stated in her appearance that she was not appearing in her capacity as administratrix of the estate of Irene. She was represented by personal counsel and not by the attorney who had been her attorney in the estate proceedings. No process appears to have been addressed to her except in her capacity as an heir. Although her attorney in the proceedings in the estate of Irene was named in the petition, no process appears to have been addressed to the attorney and he made no appearance. On this record, therefore, it appears that the court was without jurisdiction to take any action against Lillian Worthington as administratrix of the estate of Irene and equally without jurisdiction to take any action against her attorney. Therefore, it was proper for the court to refuse to make any order against him or against Lillian Worthington as administratrix and the court properly dismissed the petition insofar as it asked such relief.

It appears that after the civil judgment had become final, Lillian Worthington, as administratrix, pursuant to that judgment, delivered to appellant as administrator herein all of the personal property in her hands which she had claimed belonged in the estate of Irene and so to that extent satisfied the judgment. However, the judgment ran against her as administratrix for something over $2,000 in money, which obligation she was unable to discharge from the assets in her hands for want of sufficient funds. By that judgment costs

had been awarded appellant in the sum of $402.27. Of the money he received from Lillian Worthington, appellant allocated to the payment of the cost item enough to discharge the same. There is no dispute here as to the propriety of that allocation. As to the balance, however, appellant's account showed that of the additional money recovery, he allocated $386.75 in satisfaction of that portion of the money award deriving from separate estate of his decedent which had come into the hands of Lillian. That left a balance of the funds received by him from Lillian in the sum of $187.41, which he applied in partial satisfaction of that portion of the money judgment derived from community property that had come into the hands of Lillian and this left an unpaid balance on the community obligation in the sum of $1,450.90. This allocation the court rejected and ordered that of the sum received in excess of costs the same should be allocated to community and to separate property sources pro rata. Appellant contends that this reallocation was error. We do not agree. In making the allocation which he sought to have the court approve, appellant was acting in the capacity of a trustee for all persons interested in the estate as heirs, including himself. Under such circumstances he was obliged to act equitably. By the allocation he made he preferred himself to the other heirs because he was the sole heir to those portions of the estate of his decedent which had constituted separate property of that decedent, whereas he was entitled to only half of the property which had constituted community property of his decedent and Irene Hart. The trial court could well find, and undoubtedly did, that, although acting as a trustee, he was seeking to prefer himself to the other beneficiaries of the trust by taking advantage of his position as trustee. We think it was eminently proper for the trial court to make the equitable reallocation that is reflected in its decree. Petitioner insists that Lillian Worthington, in resisting as administratrix of the estate of Irene the appellant's representative demands that the property she had taken into the estate of Irene was in truth assets belonging to the estate of Augustus, had been guilty of fraudulent conduct; that by the reallocation made by the probate court herein she and her coheirs in the community assets were given the fruits of fraud. There is nothing in this record which justifies these contentions. All that appears is—and we take this from the recitals in the petition—that Lillian Worthington as administratrix of the estate of Irene Hart claimed that certain property was the separate

property of Irene before her death; that appellant, as administrator of the estate of Augustus, claimed that the property was in part separate property of Augustus, and in part community property of the two to which Augustus succeeded since Irene died intestate; that he demanded the property be turned over to him as administrator and the demand being refused he, as administrator, brought action against Lillian Worthington as administratrix and obtained a judgment that the property was in truth assets of the estate of Augustus. There is nothing in all this that fixes upon Lillian the charge of fraud or fastens upon her the obligations of a trustee *ex maleficio*, for, notwithstanding the litigation turned out adversely to her, it may well be that under the facts she was charged with the duty to resist the demands of appellant in behalf of the estate of Irene. Neither is there anything in all this that charges the coheirs of Lillian with any accountability or liability to the estate of Augustus. Under the circumstances as disclosed by the record, the oral proceedings not having been brought up, we must assume as could have been the case that the reallocation made by the probate court was justified.

██ Appellant contends that the court erred in fixing attorneys' fees. In his petition he had set forth that the attorneys involved had represented him as administrator and were entitled to the regular fees allowable therefor under the statute. He further alleged that they had performed extraordinary services in conducting the litigation resulting in the judgment against Lillian as administratrix of the estate of Irene and he alleged that those services were reasonably worth 10 per cent of the amount of the recovery which would figure out something over $800. The court decreed that in addition to the statutory fees the attorneys had reasonably earned $2,500 for extraordinary services. On a judgment roll appeal we must, of course, assume that the evidence supported this determination. It appears, however, that on September 10, 1957, appellant's petition was heard by the court and a minute order was made at the conclusion of the hearing that the attorneys' fees for extraordinary services be allowed in the sum of $2,500. The formal decree was filed November 26, 1957. Intermediate the minute order and the filing of the final decree, appellant, on October 17th, filed a document entitled "Dismissal," wherein he stated, first, that he "does hereby dismiss paragraph 15 in said petition" (this being the paragraph containing the allegations concerning attorneys'

fees) and, second, that he further "does dismiss" paragraph 2 of the prayer (whereby petitioner had prayed the court for an order adjudging and determining attorneys' fees both general and special). He now contends that his dismissal as he calls it withdrew that part of his petition which requested the determination of attorneys' fees. He argues that the petition in that respect had been prematurely filed and that the court had no jurisdiction at that time in the probate proceedings to act upon the matter of attorneys' fees. We think the court had jurisdiction to make the order it did and if that be so, then, of course, the attorneys having been called into the matter for the determination of their fees upon the petition of appellant and evidence as to those fees presumably having been taken and a determination indicated in the minute order, it did not lie with petitioner to withdraw the matter of attorneys' fees from the court's consideration without the consent of interested parties. According to the record such consent had not been obtained. Under the provisions of section 911 of the Probate Code, at any time after six months from the issuance of letters of administration the probate court may on proper petition make an order requiring the administrator to pay such attorneys out of the estate such compensation on account of services rendered up to that time as the court shall deem proper and such payment shall be made forthwith. It appears that all of the services which might be termed extraordinary were listed in appellant's petition as constituting extraordinary services rendered up to that time so there could be nothing premature in their allowance under the terms of the cited section of the code. There is nothing to indicate that proper notice that the attorneys' fees were to be fixed was not given and, of course, appellant could not raise such an objection since he brought the matter on for hearing by his own petition and according to the recitals in the decree appeared and participated in the proceedings which included the fixing of those fees. (*Estate of Pailhe,* 114 Cal.App.2d 658 [251 P.2d 76].) No other interested party has appealed and on a judgment roll appeal the presumption is in support of the decree that proper notice was given or waived. Appellant further argues that the services of the attorney in the civil action had not been completed and that, therefore, the court was without power to fix the fees in advance of the completion of the work. There is nothing in the record which supports the assertion that the work had not been completed or that any of the other matters

handled by the attorneys and for which petitioner asked that allowances be made had not been completed. Insofar as the regular statutory fees be concerned, they were computed concededly according to the statute, but they were not ordered paid. The court, responsive to the petition, merely determined the amount of the ordinary fees, did not order them paid and therefore appellant's contentions of error as to them are without merit. So far as fees for extraordinary services are concerned they may be allowed and ordered paid when earned. (*Estate of Hunt,* 33 Cal.App.2d 356 [91 P.2d 612].)

Simultaneously with the filing of the "dismissal" as to that part of the petition dealing with the determination of attorneys' fees, petitioner, who is a practicing attorney, filed a document wherein he purported to withdraw his waiver of attorneys' fees for himself as stated in his petition.

On this subject the decree reads as follows: "That said Fred B. Hart has waived in Open Court his right to any and all fees or commissions as Administrator of the estate of said decedent, and as associate counsel for said Administrator in propria personam, which Waivers should be and the same are hereby confirmed, approved and allowed." Once again we must advert to the fact that this is a judgment roll appeal and we must assume, therefore, in support of the decree, that, notwithstanding the purported withdrawal of waivers, the oral proceedings taken support the decree rendered.

Finally, appellant contends that the court erred in fixing the amount of contribution which the community part of the estate and the separate part of the estate severally ought to bear with respect to the extraordinary services of his attorneys. He argues this was a proper situation for applying the rule that fees for legal services rendered in preserving a common fund for the benefit of all heirs are proper charges against such fund; that each beneficiary should bear his proportionate share of expenses of litigation as a result of which he derives a benefit. (See *Estate of Lundell,* 107 Cal. App.2d 463, 464-465 [237 P.2d 62] ; *Estate of Hendrix,* 77 Cal. App.2d 647 [176 P.2d 398].) But it sufficiently appears that there were numerous items of separate and community property of varying values (at least the contrary does not appear) and the difficulty of proving title to each may have varied immensely. What was an equitable apportionment does not therefore appear as a matter of law. Once again we cannot follow appellant in his arguments in support of this assignment of error, because we cannot tell from the record here

what evidence was before the trial court respecting apportionment and must assume that the decree of the court was supported by the oral proceedings.

Nothing further appearing, the judgment appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied February 24, 1959, and appellant's petition for a hearing by the Supreme Court was denied March 25, 1959.

*Assigned by Chairman of Judicial Council.