[Civ. No. 10425.    Third Dist.    June 15, 1962.]

Estate of AUGUSTUS LORING HART, Deceased. FRED B. HART, as Administrator, etc., Petitioner and Appellant, v. LILLIAN A. WORTHINGTON et al., Objectors and Respondents.

Fred B. Hart, in pro. per., for Petitioner and Appellant.

Brandenburger, White & Dillon for Objectors and Respondents.

SCHOTTKY, J.—Fred B. Hart, as administrator of the estate of Augustus Loring Hart, appeals from portions of a decree settling his second amended account. The parts of the decree which he appeals from are:

"3. That in consideration for the waiver by said Fred B. Hart, said petitioner, as Administrator of the Estate of the above named decedent, of his right to appeal from this Decree, which said waiver was made in open Court by said Fred B. Hart, said objectors have withdrawn their objections to the various items appearing in the said account of said Administrator, aggregating the sum of $965.86, and that upon

the withdrawal and waiver of said objections aforesaid, said second account should be approved and allowed as rendered;

"4. That heretofore by Decree made and entered in this Court settling the Preliminary Account of said Administrator, filed November 26, 1957, it was adjudged and decreed that the community property of said decedent and his predeceased wife constituted 8.14% of the aggregate estate of said decedent, and that 8.14% of all expenses of administration to be paid subsequent to January 1, 1957, shall be discharged out of such community property, and the balance of all of such expenses shall be allocated solely to said Fred B. Hart, as heir at law of said decedent, which said determination and adjudication was affirmed on appeal, and the same is now final, and that the objectors' Objections to a determination of the proportion of community to separate property litigated in *Hart* v. *Worthington* should be sustained;

"5. That incident to proceedings heretofore initiated, in the above entitled Court in the above entitled matter by Vivienne Madsen, as Executrix of the Estate of Charles O. Busick, Sr., deceased, said administrator has been ordered and directed to pay to Vivienne Madsen, as Executrix of the Estate of Charles O. Busick, Sr., deceased, and Ingrid Britta Busick, as Executrix of the estate of Charles O. Busick, Jr., deceased, share and share alike, the sum of $2500.00, heretofore fixed as and for the fees for extraordinary services rendered by Messrs. Busick & Busick, as attorneys for said Administrator . . . and that it is not necessary or proper for the Court to make any further Orders herein with respect to the fees of said attorneys.

"8. . . . [T]hat said Fred B. Hart has rendered services of extraordinary nature incident to the appeal had and taken in the above entitled matter, but such services were for the personal benefit of said Fred B. Hart, and should not be a charge against the general estate of said decedent."

Appellant first contends that he did not waive his right to appeal. Objections were raised to certain items of the administrator's account by some of the statutory heirs who would share in the community property. The attorney for these heirs stated that if Mr. Hart would accept the ruling of the court on everything he would waive his objections. Mr. Hart stated that he would accept it but that he thought he was doing it under duress. The acceptance was refused under such circumstances. Then the court asked Mr. Hart if he would withdraw the remark about being forced to accept

the offer under duress, and Mr. Hart said, ''I withdraw it, yes.''

There is authority that where an agreement not to appeal is made upon a valid and legal consideration, either before or after trial, it will be enforced in an appellate court and afford ground for dismissal of an appeal taken in violation of the agreement. (See *Oliver* v. *Blair,* 2 Cal.Unrep. 441 [5 P. 917]; *Fowlkes* v. *Ingraham,* 81 Cal.App.2d 745 [185 P.2d 379].) There was consideration for the waiver. Respondents in turn waived the objections to the account filed by the administrator.

While we would probably be justified in holding that the right to appeal was waived, there may be some doubt as to the intentions of appellant, and since a right to appeal is basic we prefer to resolve the doubt in favor of appellant's right to appeal.

Appellant's second contention is that the decision of this Court in *Estate of Hart,* 167 Cal.App.2d 499 [334 P.2d 588], is not res judicata as to the amount of the fees allowed the administrator's attorneys for extraordinary services. This point has been settled adversely to appellant's contention in our decision filed this day in a separate appeal.

Appellant also contends that the court erred in allocating the expenses of administration between the community property and the separate property. The trial court allocated the expenses of administration between the community property (8.14 per cent) and Fred B. Hart as heir at law. The order of the trial court settling the preliminary account read as follows: ''That the property which was community property of said decedent and his said predeceased wife constitutes 8.14% of the aggregate estate of said decedent, and that 8.14% of all expenses of administration to be paid subsequent to January 1, 1957, shall be discharged out of such community property, and the balance of all such expenses shall be allocated solely to said FRED B. HART.'' (He inherits one-half of the community property and all of the separate property.)

On the appeal in the previous action appellant questioned the allocation only as it applied to the extraordinary fees for his attorneys. He did not otherwise question the propriety of the allocation. As a matter of fact he conceded such an allocation was correct. In the prior action appellant did not challenge the wording of the order. While the allocation should have been between the separate property and the community property, the error is of no practical consequence.

Fred B. Hart, the appellant, is the sole heir as to the separate property, most of which has been distributed to him.

We think appellant's complaint is mere quibbling. Whether he pays the expenses as administrator or individually will make little difference and would certainly not justify delaying the closing of the estate which has been in probate for more than 10 years.

Appellant also complains because the trial court charged the entire separate property and the community property with the extraordinary legal fees which were allowed. This was approved in the *Estate of Hart, supra,* when this court said at page 506: "Finally, appellant contends that the court erred in fixing the amount of contribution which the community part of the estate and the separate part of the estate severally ought to bear with respect to the extraordinary services of his attorneys. He argues this was a proper situation for applying the rule that fees for legal services rendered in preserving a common fund for the benefit of all heirs are proper charges against such fund; that each beneficiary should bear his proportionate share of expenses of litigation as a result of which he derives a benefit. (See *Estate of Lundell,* 107 Cal.App.2d 463, 464-465 [237 P.2d 62]; *Estate of Hendrix,* 77 Cal.App.2d 647 [176 P.2d 398].) But it sufficiently appears that there were numerous items of separate and community property of varying values (at least the contrary does not appear) and the difficulty of proving title to each may have varied immensely. What was an equitable apportionment does not therefore appear as a matter of law. . . ." This matter has already been determined against him and the ruling should be final.

Appellant's final contention is that he should have been allowed attorney's fees for extraordinary legal services on the prior appeal.

The decree settling the amended second account and instructing administrator contains the following language: "that said FRED B. HART has rendered services of extraordinary nature incident to the appeal had and taken in the above entitled matter, but such services were for the personal benefit of said FRED B. HART, and should not be a charge against the general estate of said decedent."

In his amended second account the appellant, as administrator, asked that he in his individual capacity be allowed $1,500 for his extraordinary legal services in the appeal in the *Estate of Hart,* 167 Cal.App.2d 499 [334 P.2d 588].

As stated in the *Estate of Thompson*, 50 Cal.2d 613, 614-615 [328 P.2d 1]: ''The general rule with reference to the question involved is set forth in the *Estate of Parker*, 200 Cal. 132 [251 P. 907, 49 A.L.R. 1025], wherein the court denied the payment of statutory attorney fees to a law firm of which the executor was a partner. It was stated at page 135 of the opinion in that case: '[I]f the executor . . . being himself a practicing lawyer, elects to act as his own attorney in the performance of the legal services incident to the administration of the estate, the general rule is that he will not be entitled to an allowance against the estate for his professional services, in the absence of some statutory provision entitling him thereto.' (See also *Estate of Vokal*, 121 Cal.App.2d 252 [263 P.2d 64]; *Estate of Lair*, 70 Cal.App.2d 330 [161 P.2d 288]; *Estate of Scherer*, 58 Cal.App.2d 133 [136 P.2d 103].)

''The reason for the rule in this state, as declared in *Estate of Parker, supra*, at page 137, quoting from *Broughton* v. *Broughton*, 5 De Gex, M. & G. 160 [43 Eng. Reprint, 831], is as follows: '[N]o person in whom fiduciary duties are vested shall make a profit of them by employing himself, because in doing this he cannot perform one part of his trust, namely, that of seeing that no improper charges are made. . . .' ''

The fact that appellant Hart waived his fee as administrator would not give him the right to a fee for extraordinary services as an attorney. The rule against such allowance is based upon public policy and the only exception of which we are aware is when a testator expressly provides in his will for the allowance of both executor's commissions and attorney's fees to the same person. (*Estate of Thompson*, 50 Cal.2d 613 [328 P.2d 1]; see also *Estate of Lankershim*, 6 Cal.2d 568 [58 P.2d 1282].) As stated in *Estate of Parker*, 200 Cal. 132, 139 [251 P. 907, 49 A.L.R. 1025]: ''. . . It clearly is the duty of every executor, when engaging counsel to render professional services for the estate, to employ the best legal talent available for the stipulated compensation. But he would place himself in a position where there would be a clash between his own personal interest and his duty to employ the ablest counsel obtainable for the agreed compensation if, being himself a lawyer, he should undertake to perform that service himself with the intention of charging the estate therefor, or if, being a member of a law firm and sharing in the fee to be earned, he should employ his firm to render the necessary pro-

fessional services. Again, it is the duty of every executor to oppose any charge which the attorney or attorneys employed by him might make against the estate for extraordinary legal services, if there be no substantial ground for the claim that the services were indeed extraordinary. But his personal interest would conflict with this duty if the services were rendered by his own law firm and he is to share in the earnings. . . ."

We are satisfied that the court did not err in denying appellant's application for attorneys' fees. Furthermore, the unsubstantial grounds of appeal urged by appellant and the delay occasioned by several meritless appeals taken by him constrains us to state that appellant must have been actuated by a desire to delay the closing of the estate as long as possible.

The decree appealed from is affirmed.

Peek, P. J., and Pierce, J., concurred.

A petition for a rehearing was denied July 11, 1962, and appellant's petition for a hearing by the Supreme Court was denied August 8, 1962.