[Civ. No. 10424.   Third Dist.   June 15, 1962.]

Estate of AUGUSTUS LORING HART, Deceased.  VIVI-
ENNE MADSEN, as Executrix, etc., et al., Petitioners
and Respondents, v. FRED B. HART, as Administrator,
etc., Objector and Appellant.

Fred B. Hart, in pro. per., for Objector and Appellant.

Carl Kuchman for Petitioners and Respondents.

SCHOTTKY, J.—Fred B. Hart, administrator of the estate
of Augustus Loring Hart, deceased, has appealed from an
order of the superior court directing the payment of attor-
neys' fees previously set by the court.

In 1957 pursuant to a petition of Fred B. Hart, administrator of the estate of Augustus Loring Hart, deceased, a hearing was held on the matter on September 10, 1957. At the conclusion of the hearing the court determined that the fee for extraordinary services for the attorneys for the administrator would be $2,500. The formal decree was filed on November 26, 1957. The order contained no provision directing payment of the fee for extraordinary services. An appeal was taken by Hart from this order. (See *Estate of Hart*, 167 Cal.App.2d 499 [334 P.2d 588].) Among the issues raised was the propriety of the act of the court in setting the fees for extraordinary services. It was also argued "that the services of the attorney in the civil action had not been completed and that, therefore, the court was without power to fix the fees in advance of the completion of the work." (*Estate of Hart, supra,* p. 505.) These contentions were rejected by this court. (*Estate of Hart, supra.*)

No payments were made to the attorneys for the administrator. Both of the attorneys have died, and the executrices of the estates of the deceased attorneys sought a citation from the court to compel payment of both the extraordinary and statutory fees. At the hearing in response to the citation, Fred Hart, as administrator, sought to introduce in evidence certain correspondence between Charles O. Busick and himself to show that the extraordinary fees were to cover all of the work of the attorneys "up to and including the final decree." The correspondence was dated after the hearing but before the entry of the decree allowing attorneys' fees. This evidence was rejected on the ground of res judicata. An order of payment was made and this appeal followed.

Each order and decree of a superior court exercising its probate function and acting within its jurisdiction is conclusive against collateral attack unless it is void on its face. (*Security-First Nat. Bk.* v. *Superior Court,* 1 Cal.2d 749 [37 P.2d 69].) There is no question but that the court had the power to make an order allowing attorneys' fees in the prior proceeding. (Prob. Code, § 911; *Estate of Hart, supra.*)

If the order were within the jurisdiction of the probate court, it is conclusive even though erroneous. (*Estate of Tourny,* 154 Cal.App.2d 501 [316 P.2d 763].) Since this court held the order proper in *Estate of Hart, supra,* the order allowing attorneys' fees is not subject to collateral attack. This, of course, does not answer the question whether the prior order allowing attorneys' fees could be challenged by

showing that the parties agreed that the $2,500 was to cover future work.

Section 910 of the Probate Code permits the allowance of extraordinary fees to attorneys for administrators. This amount is set by the court. Hart petitioned the court for an allowance upon the fees of his attorneys. After a hearing the allowance was set by the court. It must be borne in mind that the allowance was for work done. (See *Estate of Hart, supra.*) This determination became final. The fact that the parties may have agreed that the allowance would cover future work would not negate the amount allowed. At most it would be a defense based on estoppel to a future claim. The fact of an agreement covering future work would be irrelevant to the allowance for extraordinary fees for work performed. The amount of fees to be allowed was in issue in the previous action. Hart would be estopped to challenge it a second time.

Appellant Hart also challenges the procedure followed in this case. He asserts that it was improper for the matter to be heard on the citation which was issued because the order allowing the extraordinary fees did not order payment. We disagree. As stated in *Zagoren* v. *Hall,* 122 Cal.App. 460, 464-465 [10 P.2d 202]:

". . . A petition for the allowance of attorney's fees under section 911 of the Probate Code, is in the nature of an *ex parte* application and does not possess the characteristics of such formal trial. The allowance of attorney's fees for services in probating an estate merely recognizes the attorney as a creditor of the estate entitling him to be paid from the assets of the estate in the course of administration. To be sure his claim is classified by the provisions of section 950 of the Probate Code under the heading of expenses of administration among the first obligations which are entitled to be paid. This does not mean he may take out an execution and sacrifice the assets of an estate to the detriment of all other creditors. The final provisions of section 911 of the Probate Code that 'such payment (for attorney's fees) shall be made forthwith,' should be construed to mean that prompt payment shall be made when there are available funds in the estate from which the obligation may be satisfied. When an estate possesses available funds with which to pay attorney's fees which have been allowed, and the administrator or executor fails or refuses to comply with the order, adequate remedy exists either by citation or by resorting to the provisions of section 954 of the Probate Code. . . ."

We are satisfied that the procedure followed by the probate judge was entirely proper and that appellant was not prejudiced thereby.

No other points raised require discussion.

The order directing payment of attorneys' fees is affirmed.

Peek, P. J., and Pierce, J., concurred.

A petition for a rehearing was denied July 11, 1962, and appellant's petition for a hearing by the Supreme Court was denied August 8, 1962.