240 Cal.App.2d 801 (1966)
Estate of GEORGE W. CROUCH, Deceased. ALAN CRANSTON, as State Controller, etc., Petitioner and Appellant,
v.
WINTHROP M. CRANE, as Executor, etc., Objector and Respondent.
Civ. No. 29281. 
California Court of Appeals. Second Dist., Div. Three. 
Mar. 15, 1966.
 Charles J. Barry, Joseph D. Lear, Walter H. Miller and William L. Baugh for Petitioner and Appellant.
 Winthrop M. Crane, in pro. per., for Objector and Respondent.
 SHINN, P. J.
 The State Controller appeals from an order sustaining objections to the report of the inheritance tax appraiser. *802
 The will, which was admitted to probate, reads in part as follows: "Twenty-First: I hereby nominate and appoint Winthrop M. Crane, my said attorney, the Executor of this Will. ..."
 "If said Winthrop M. Crane, as the Executor of this Will, shall elect to act as his own attorney, he shall be fully compensated for his legal services as provided by law in addition to the compensation to which he shall be entitled by law for his services as such Executor, thus insuring a job well done."
 Mr. Crane qualified as executor and performed the necessary legal services. An inheritance report was furnished by the executor in which the amounts of the statutory executor's commissions and attorneys fees were claimed as deductions. A report was filed by the inheritance tax appraiser which allowed, as a deduction, the amount of the executor's statutory commission but disallowed the claimed deduction of the attorney's fees. In the report a tax was computed upon a bequest to Crane of $500 and also upon the amount of the attorney's fees as if it were a bequest of cash to Crane.
 In sustaining the executor's objections the court ordered that the amount of the attorney's fees be allowed as a deduction and that the same be not treated as a bequest of cash to Crane.
 [1] The general rule is that an executor or administrator who acts as his own attorney is not entitled to receive compensation for his legal services (Estate of Parker, 200 Cal. 132 [251 P. 907, 49 A.L.R. 1025]; Estate of Lair, 70 Cal.App.2d 330 [161 P.2d 288]; Estate of Scherer, 58 Cal.App.2d 133 [136 P.2d 103]). The reason for the rule is that it would be contrary to public policy to permit an executor or administrator to employ himself as attorney for himself as executor or administrator and receive compensation for his legal services. However, the rule does not apply if there is a will which provides, as the will here does, that a named executor may act in both capacities and receive both an executor's commission and an attorney's fees. It was so decided in Estate of Thompson, 50 Cal.2d 613 [328 P.2d 1]. The court held that such a direction in a will is a proper exercise of the testator's powers and must be respected, and that it is not against public policy to give effect to the provision of the will.
 [2] The court found that the appraiser treated the provision as a bequest. Appellant calls it a "transfer" of the attorney's fee, quoting section 13304, Revenue and Taxation Code, " 'Transfer' includes the passage of any property, or any *803 interest therein or income therefrom, in possession or enjoyment, present or future, in trust or otherwise." Appellant also quotes eight sections of the Revenue and Taxation Code and an equal number of Inheritance Tax Regulations, chapter 2.5, title 18, California Administrative Code. It would serve no purpose to discuss these various enactments. They all relate to situations in which there has been a transfer of property as defined by section 13304. They have no application where there has been no transfer, as in the present case.
 All the arguments proceed from the assumed facts that the will makes Mr. Crane a gift of the attorney's fee. Appellant avoids using the words "gift" and "bequest," but referring to the provision of the will as a "transfer" does not conceal the fact that the attorney's fee is sought to be taxed as a bequest. The argument is that Mr. Crane would not have been entitled to an attorney's fee if the will had been silent on the subject; the will makes it possible for him to earn and receive an attorney's fee, therefore, the direction of the will is a bequest of the amount of the fee. Appellant's elaborate discussion assumes as a premise that Mr. Crane has been given something for nothing. If this were true it would end the matter; but the facts of the case demonstrate the falsity of the premise. As executor, Mr. Crane was entitled to an executor's commission (Prob. Code, 901); for legal services rendered to an executor an attorney earns a fee (Prob. Code, 910), which is deductible for inheritance purposes; Mr. Crane rendered the services and earned the fee; Mr. Crouch preferred the legal services of Mr. Crane in the administration of the estate and the direction of the will removed any impediment to his receiving compensation for his services as attorney. In these facts there is no semblance of a bequest of the fee which Mr. Crane has earned; the estate had an obligation to pay the fee and is therefore entitled to a deduction of the amount for inheritance tax purposes.
 The order is affirmed.
 Ford, J., and Kaus, J. concurred.