Harlan HEINSOHN, Plaintiff
and Appellant,

v.

WILLIAM CLAIRMONT, INC., a North
Dakota corporation, Defendant
and Appellee.

Civ. No. 10767.

Supreme Court of North Dakota.

March 13, 1985.

Kelsch, Kelsch, Bennett, Ruff & Austin, Mandan, for plaintiff and appellant; argued by William C. Kelsch, Mandan.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, and Rausch & Rausch, Bismarck, for defendant and appellee; argued by Patrick A. Conmy, Bismarck.

GIERKE, Justice.

Harlan Heinsohn appeals from a judgment dismissing his alternative claims against William Clairmont, Inc. [Clairmont] for permanent injunctive relief and rescission of his purchase of lots in a residential subdivision. We affirm.

The circumstances giving rise to this action are set forth in *Heinsohn v. William Clairmont, Inc.*, 333 N.W.2d 697 (N.D. 1983), and need not be repeated here. Briefly stated, Heinsohn claimed that Clairmont, as owner and developer of the lots, constructed a townhouse "over two stories in height" in violation of a restrictive covenant. At the time of the previous proceeding, the townhouse technically qualified as a three-story rather than a two-story structure by either 0.73 or 0.59 feet under two conflicting city ordinance definitions of the term "story." The trial court determined that the excess in either case was "*de minimis*" and granted summary judgment in favor of Clairmont. Concluding that the doctrine of *de minimis non curat lex* would not be applicable in this situation if "the violation of the restrictive covenant

was intentional, knowing, or willful in nature" [*Heinsohn, supra,* 333 N.W.2d at 701], we reversed and remanded for trial of that issue.

After the remand but before trial, Clairmont, as it had done before the trial court ruled on the summary judgment motion in the prior proceeding, piled soil around the structure in another effort to raise the surrounding ground level to qualify the building as a two-story rather than a three-story structure.

Following a bench trial, the trial court made the following findings of fact:

"The construction of the building at its original height and original measurements was not intentionally, knowingly or willfully done in conscious disregard of a present awareness of the covenant nor was the construction done for the purpose of ignoring or violating the restrictive covenant.

"Enbankment work done before the trial but after the remand brings the building within all pertinent building codes and in conformity with the restrictive covenant."

The trial court denied Heinsohn's request for permanent injunctive relief requiring that Clairmont remove the "third story" of the townhouse and also denied his alternative request for rescission of his purchase of the lots. On appeal, Heinsohn claims that the trial court erred as a matter of law in determining that Clairmont did not intentionally, knowingly or willfully violate the restrictive covenant; that Clairmont's piling of earth around the outside of the structure is a "pure and simple sham" and does not constitute an effective cure of the covenant violation; and that the trial court erred in refusing to grant his alternative request for rescission.[1]

Heinsohn asserts that the trial court used an incorrect legal standard in ascertaining intent. He argues that the trial

court should not have directed its inquiry to whether Clairmont intentionally, knowingly or willfully violated the restrictive covenant, but to "whether it intended to build the structure which it did, which structure is one that is over two stories in height." We disagree.

In *Sandstrom v. Larsen,* 59 Hawaii 491, 583 P.2d 971, 978 (1978), which this court cited in the previous decision in this case, the court stated:

"We are convinced that where a property owner 'deliberately and intentionally violates a valid express restriction running with the land *or intentionally "takes a chance",* the appropriate remedy is a mandatory injunction to eradicate the violation.' (Emphasis added.) *Peters v. Davis,* 426 Pa. 231, 238, 231 A.2d 748, 752 (1967)."

*Cf. Eakman v. Robb,* 237 N.W.2d 423 (N.D. 1975).

Heinsohn's circuitous argument rules out the possibility of an innocent mistake. In analogous situations, this court has held that injunctive relief may be properly denied, and the plaintiff relegated to his damages at law, where the defendant encroaches upon the plaintiff's property as the result of an "innocent mistake," and the cost of removal of the encroachment would be disproportionate to any damage caused to the plaintiff's property. *See Graven v. Backus,* 163 N.W.2d 320 (N.D.1968); *Owenson v. Bradley,* 50 N.D. 741, 197 N.W. 885 (1924). The trial court did not misinterpret our remand directions.

██ The record contains testimony to the effect that the building designer, as well as Clairmont, originally conceived of the structure as a "two-story building with a drive-out basement." The "Building Covenants and Restrictions" did not contain a definition of the term "story." An officer and director of Clairmont testified that there was no intention on anyone's part to

---

**1.** During trial, Clairmont raised as an additional issue that William Clairmont, Inc., the named defendant in this action, was not responsible for the building of the townhouse. The trial court did not resolve this issue in its findings of fact,

conclusions of law and order for judgment, and it does not appear that the trial court used this rationale in reaching its decision. Consequently, although both parties have briefed this issue, we need not address it.

violate the restrictive covenant. While we might have reached a different result had we been the trier of fact, we cannot say that the trial court's finding that Clairmont did not intentionally, knowingly, or willfully violate the restrictive covenant is clearly erroneous. Rule 52(a), N.D.R.Civ.P.

■ We need not address whether or not Clairmont's piling of earth around the structure constituted an effective cure of the covenant violation, because even if it did not, we cannot say that the trial court erred in refusing to grant Heinsohn his alternative request for rescission of his purchase of the lots.

Heinsohn claims that he should have been allowed to rescind because the consideration for the agreement failed "in whole or in part." Section 9–09–02(2), N.D.C.C. According to Heinsohn, the consideration failed when Clairmont originally violated the restrictive covenant.

■ Because the remedy of rescission is not held in high esteem by the courts, the power of a court to rescind an executed conveyance should never be lightly exercised. *See generally Robertson Companies, Inc. v. Kenner,* 311 N.W.2d 194 (N.D. 1981); 8A G. Thompson, Commentaries on the Modern Law of Real Property § 4465, at 365 (1963). This court has often stated that rescission of a contract, whether the object of a suit in equity or an action at law, is governed by equitable principles. *E.g., Peck of Chehalis v. C.K. of Western America,* 304 N.W.2d 91 (N.D.1981); *Dvorak v. Kuhn,* 175 N.W.2d 697 (N.D.1970); *Volk v. Volk,* 121 N.W.2d 701 (N.D.1963); *Fedorenko v. Rudman,* 71 N.W.2d 332 (N.D.1955). "The remedy of rescission of a contract is not one of absolute right but rests in the sound discretion of the court to be exercised in accordance with what is reasonable and just under the particular circumstances." 8A G. Thompson, *supra; Hesselgrave v. Mott,* 23 Wash.2d 270, 160 P.2d 521 (1945).

■ Where a trial court exercises its discretion after weighing the equities of the case, we will not interfere in the ab-

sence of a showing that its discretion was abused. *Schwarting v. Schwarting,* 354 N.W.2d 706 (N.D.1984); *Zimmerman v. Campbell,* 245 N.W.2d 469 (N.D.1976). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Fleck v. Fleck,* 337 N.W.2d 786 (N.D.1983).

Assuming, *arguendo,* that Heinsohn has established a ground for rescission, we have reviewed the record and cannot say that the trial court abused its discretion under the unique circumstances of this case in refusing to grant Heinsohn's alternative request for rescission.

The judgment is affirmed.

ERICKSTAD, C.J., VANDE WALLE, J., and PEDERSON, Surrogate Justice, concur.

Surrogate Justice Pederson participated in this case by assignment pursuant to § 27–17–03, N.D.C.C.

Justice Paul M. Sand, who died on December 8, 1984, was a member of this Court at the time this case was submitted.