Eddie G. KOPPERUD, Personal Representative of the Estate of Earls Raymond Johnston, Plaintiff and Appellee,

v.

Lorraine E. REILLY, Conservator of the Estate of Earls Raymond Johnston, and Daniel L. Reilly, Defendants and Appellants.

Civ. No. 890182.

Supreme Court of North Dakota.

March 27, 1990.

Mack, Moosbrugger, Ohlsen, Dvorak & Carter, Richard A. Ohlsen (argued), Grand Forks, for defendants and appellants.

Depuy, Kopperud & Hall, Ltd., Nicholas B. Hall (argued), Grafton, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by Lorraine Reilly (Lorraine) and Daniel Reilly (Daniel) from a county court judgment which rescinded a contract involving the sale of Earls Raymond Johnston's (Ray) farmland to Daniel due to the fact that as conservator of Ray's estate, Lorraine was affected by a substantial conflict of interest when she authorized the sale to her son, Daniel. We affirm.

In January of 1979, Lorraine and Nina McBride were court appointed as co-conservators of Ray's financial affairs. The conservatorship was formed because of Ray's confused mental and emotional state following a number of recent traumatic events, including three deaths in his immediate family. Eddie Kopperud, an attorney and personal representative for Ray under Ray's will, assisted Lorraine and Nina, both of whom were Ray's sisters, in obtaining the conservatorship order.[1]

In the fall of 1984, Lorraine and Daniel spoke with Kopperud regarding a proposed contract for deed which would convey all of Ray's farmland, some 270 tillable acres, to Daniel. Lorraine felt this was necessary because Ray had been "... after [her] for years, wanting me to sell the land to Dan." The contract for deed called for a purchase price of $180,000 to be paid in semiannual installments over a 30–year period. After speaking with Lorraine and Daniel, Kopperud advised them that the contract's interest rate was too low and that an appraisal for the market value of the land should be obtained prior to the execution of the contract.

Subsequently, the contract was redrafted to reflect a higher interest rate and was executed on May 1, 1985. However, neither an appraisal nor any other steps to determine the market value of the land were undertaken. Ray passed away on January 18, 1986. At the time of his death, Ray's farmland was appraised at $371,250. Further, land in the immediate area surrounding Ray's farmland rented for $90 to $100 an acre. Thus, if rented out, Ray's farmland would have yielded in excess of $24,000 annual income to the conservatorship. However, assuming Daniel's compliance with his obligations under the land sale contract, the conservatorship would only receive $16,961 annually from Daniel.

After being apprised of this information, Kopperud, in his capacity as the personal representative of Ray's estate, commenced an action against Lorraine and Daniel alleging that Lorraine had acted with a conflict of interest in executing the contract to her son at an unfair price. Kopperud requested a rescission of the contract and a return to the estate of the funds necessary to make up the difference between the amount that Daniel had paid to the conservatorship and the amount that the land could have been rented out for. Naturally, Lorraine and Daniel resisted Kopperud's claim arguing, among other things, that since Lorraine did not personally benefit from the land sale, she could not have acted with a substantial conflict of interest.

On April 7, 1989, the county court ruled in favor of Kopperud and ordered the con- *

---

1. Nina died in December of 1984 leaving Lorraine as the sole conservator.

tract rescinded. Further, Daniel was ordered to reimburse Ray's estate $75,239,[2] the amount by which the estate was reduced due to the land sale contract. The court concluded that Lorraine was affected by a substantial conflict of interest and that the rescission of the contract was the proper remedy pursuant to Section 30.1–29–22, N.D.C.C.[3] Further, the court held that Daniel was not entitled to the protection afforded to a person acting in good faith. This appeal followed.

On appeal, Lorraine and Dan raise three issues. Initially, they contend that the county court lacked subject matter jurisdiction to entertain Kopperud's action. Secondly, they argue that the county court erred in denying their request for a trial by jury. Finally, they argue that there is no evidence that Lorraine exercised her duties as conservator with a conflict of interest.

■ Section 27–07.1–17(5), N.D.C.C., provides that the county court shall have jurisdiction in "[p]robate, guardianship, and other testamentary cases pursuant to title 30.-1." Section 30.1–02–02, N.D.C.C., provides for subject matter jurisdiction of the county court as follows:

"1. The county court has jurisdiction over all subject matter relating to guardianship, probate, and testamentary matters, including:

"a. Estates of decedents, including construction of wills and determination of heirs and successors of decedents.

"b. Estates of protected persons.

"c. Protection of minors and incapacitated persons.

"d. Trusts, to the extent necessary for the exercise of the court's jurisdiction over probate and testamentary matters.

"2. The district and county courts have concurrent ·subject matter jurisdiction over trusts, except as provided in subdivision d of subsection 1. The district court has jurisdiction of all causes at law and equity not inconsistent with the exclusive original jurisdiction over probate and testamentary matters vested by subsection 1 in the county court."

The general rule is that "a probate court has jurisdiction to exercise all incidental powers necessary for the effective adjudication of those matters within its exclusive original jurisdiction." *Estate of Sorensen,* 411 N.W.2d 362, 364 (N.D.1987) (citations omitted).

Lorraine and Daniel argue that the action for the rescission of the contract for deed is not a probate matter nor a conservatorship matter nor an incidental matter related thereto. We disagree. Section 30.-1–02–02(1)(a), N.D.C.C., expressly confers subject matter jurisdiction to county courts regarding cases involving estates of protected persons and of decedents. We believe that Kopperud's contention that the land was sold at a grossly unfair price, thus depleting the distributable estate assets and in violation of a conservator's duty, raises issues which are incidental to the county court's jurisdiction over Ray's

---

**2.** The county court arrived at this amount by recognizing that if the conservatorship would have rented the 270–acre tract at $90 an acre, it would have received $24,300 per year in rental income. Accordingly, over the four-year period during which Daniel was in sole possession of the land, 1985 through 1988, the conservatorship would have received $97,200 in rental income. However, due to the sale to Daniel, the conservatorship had only received $21,961 over the four-year period which reflected Daniel's total payments on the contract for deed. Thus, the county court calculated damages to the estate as the difference between the amount that the conservatorship would have received if the land would have been cash rented, $97,200, and the actual amount received pursuant to the contract for deed, $21,961. We note that the $21,961 received from Daniel consisted of a $5,000

down payment together with payments of $16,961 reflecting one year of payments. We are unaware of the reason Daniel failed to make the additional payments for the following three years.

**3.** Section 30.1–29–22, N.D.C.C., provides:

"30.1–29–22(5–422). Sale, encumbrance, or transaction involving conflict of interest—Voidable exceptions.—Any sale or encumbrance to a conservator, his spouse, agent, or attorney, or any corporation or trust in which he has a substantial beneficial interest, or any transaction which is affected by a substantial conflict of interest is voidable unless the transaction is approved by the court, after notice to interested persons and others as directed by the court."

estate. Certainly, the determination that the estate's assets have been unfairly and inequitably distributed is well within the county court's authority.

Therefore, we conclude that the county court had authority to resolve the issue of whether Lorraine acted with a substantial conflict of interest so as to determine if rescission of the contract was necessary. Such a resolution was necessary to enable the county court to effectively determine the extent of Ray's estate and the fair value of the estate assets for purposes of liquidating the estate.

■ Secondly, Lorraine and Daniel contend that the county court erred in denying them a jury trial. They argue that Section 30.1–15–04, N.D.C.C., gives them the right to a jury trial. This section provides:

"Any party to a formal proceeding who opposes the probate of a will for any reason shall state in that party's pleading the objections to probate of the will. In a contested formal testacy proceeding, any party is entitled to a jury trial of all issues of fact by serving upon all appropriate parties and filing with the court a written demand for jury trial. The written demand must be affixed to the pleading of the party which raises any issues of fact and may not be served and filed later than seven days before the time set for hearing."

In *Jordan v. Anderson*, 421 N.W.2d 816, 819 (N.D.1988), we held that the petitioners were not entitled to a jury trial pursuant to Section 30.1–15–04, N.D.C.C., because the contested will was clear and unambiguous. In this case, there is no evidence that anyone is contesting the language in Ray's will. We conclude that Section 30.1–15–04 applies to determinations of factual issues regarding formal will disputes, rather than issues regarding the rescission of a contract. Thus, the Reilly's reliance on this statute is misplaced.

■ We have long recognized that "rescission of a contract, whether the object of a suit in equity or an action at law, is governed by equitable principles." *Heinsohn v. William Clairmont, Inc.,* 364 N.W.2d 511, 513 (N.D.1985) (citations omit-

ted). Absent express constitutional or statutory provisions, there is no right to a jury trial in suits of equity. *General Elec. Credit Corp. v. Richman,* 338 N.W.2d 814, 817 (N.D.1983).

■ Lorraine and Daniel argue that they are entitled to a jury trial because Kopperud's amended complaint prayed for monetary relief in addition to rescission of the contract. The county court disagreed with their argument finding that the monetary relief sought was incidental to the rescission action. We agree. This court has held that where the damage claim is incidental to and dependent upon the equitable claim, the parties are not entitled to a jury trial as to the damage claim. *See General Elec. Credit Corp., supra,* 338 N.W.2d at 818 (citation omitted) (where both damages and an injunction are sought, the parties are entitled to a jury trial as to the damage claim *unless* it is merely incidental to and dependent on the right to an injunction) (emphasis added). Therefore, we conclude that the county court properly denied the Reilly's request for a jury trial because the main cause of action, rescission of a contract, was equitable in nature while the damage claim was merely incidental to the equitable relief sought.

Finally, Lorraine and Daniel contend that the county court erred in finding that Lorraine conducted the land sale to Daniel with a substantial conflict of interest. They contend that, since Lorraine did not personally benefit monetarily from the sale, she could not have acted with a conflict of interest. In other words, when taken to the extreme, the Reillys maintain that a sale price for the land to Daniel of any amount, however nominal, would not constitute a conflict of interest on Lorraine's part as long as she did not benefit monetarily.

■ Our review of the county court's findings is limited by the clearly erroneous standard of Rule 52(a), N.D.R.Civ.P. *Miller Enterprises v. Dog N' Cat,* 447 N.W.2d 639, 644 (N.D.1989). A finding is not clearly erroneous under Rule 52(a) unless it has no support in the evidence or, although

there may be some supporting evidence, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Miller, supra,* 447 N.W.2d at 644.

In *Cudworth v. Cudworth,* 312 N.W.2d 331, 335 (N.D.1981), this Court construed Section 30.1–18–13, N.D.C.C., which parallels Section 30.1–29–22, N.D.C.C., except that it applies to personal representatives rather than conservators. In *Cudworth,* we held that Section 30.1–18–13 did not make a sale of estate assets by a personal representative to a non-spousal family member voidable per se. We held that to render the sale to the non-spousal family member voidable, something in addition to the familial relation must exist. *Cudworth, supra,* 312 N.W.2d at 335.

In this case, it is undisputed that Lorraine sold the land to Daniel without having the land appraised despite the fact that Kopperud had advised her to get an appraisal before entering into the land sale contract. Lorraine sold the land to Daniel on May 1, 1985, for an amount, $180,000, which was less than 50% of the January 18, 1986, appraised value of the land, $371,250. Further, Daniel's annual payment obligation under the contract of $16,961 was substantially less than the $24,000 annual rental income the conservatorship could have received if the land had been cash rented. Finally, Lorraine completed the sale without the approval of all of the intended beneficiaries under Ray's will. We find that these facts constitute the additional conduct, pursuant to our *Cudworth* reasoning, which is needed to make the sale voidable under Section 30.1–29–22, N.D.C.C.

For the foregoing reasons, the judgment of the county court is affirmed in all respects.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.