In the Matter of the ESTATE OF
William RIDL, Deceased.

Robert B. BAIRD, Respondent,
Appellant and Cross–Appellee,

v.

Kenneth RIDL, Personal Representative
of the Estate of Emil Ridl, Petitioner,
Appellee and Cross–Appellant.

Civ. No. 890257.

Supreme Court of North Dakota.

April 25, 1990.

Chapman & Chapman, Bismarck, for respondent, appellant and cross-appellee; argued by Daniel J. Chapman. Appearance by David Senn of Baird & Senn, Dickinson.

Howe, Hardy, Galloway & Maus, P.C., Dickinson, for petitioner, appellee and cross-appellant; argued by Albert J. Hardy.

GIERKE, Justice.

Robert B. Baird appealed from a county court judgment ordering him to reimburse $45,010.31 to the Estate of William Ridl [William's Estate] plus up to $36,594 in potential penalties and interest which the Internal Revenue Service might assess against the Estate. The Estate cross-appealed from that part of the judgment ordering it, rather than Baird, to pay accounting and legal fees incurred in contesting Baird's actions. We affirm in part, reverse in part, and remand for further proceedings.

William's will, which was prepared by Baird, named Baird as the personal representative of William's Estate and also requested that Baird, or his law firm, be retained to probate the will. That will devised William's property to his sister, Hattie Starcher, and his brother, Emmanuel Ridl. After William died on October 4, 1983, Baird was appointed as personal representative of William's Estate for the informal probate of the will.

On February 9, 1988, and after Emmanuel Ridl died, Kenneth J. Ridl, as the personal representative of Emmanuel's estate and an "interested person"[1] in William's Es-

---

1. Section 30.1–01–06(21), N.D.C.C. [Uniform Probate Code § 1–201(21)], provides:

tate, sought an order directing Baird, as personal representative of William's Estate, to file an inventory of property and an accounting for William's Estate. On March 21, 1988, Baird filed his final account and petition for settlement and confirmation of William's Estate.

Kenneth objected to Baird's final account, alleging that, as the personal representative of William's Estate, Baird improperly prepared and filed tax returns for the Estate, failed to properly distribute assets of the Estate, caused overdraft and service charges against Estate accounts, and paid himself unreasonable and excessive attorney fees. Kenneth requested that Baird reimburse the Estate for all attorney fees in excess of $5,000, personally pay for a certified public accountant to close the Estate and prepare and file amended tax returns, and reimburse the Estate for overdraft charges, lost interest, overpaid taxes, and penalties and interest for improperly filed tax returns.

After a hearing, the court found that Baird had breached his fiduciary duty to the Estate. The court determined that Baird's breach of fiduciary duty constituted mismanagement of the Estate and removed him as personal representative and as attorney for the Estate. The court appointed James Schwartz, a certified public accountant, as special administrator to review and resolve the tax matters and to close the Estate. The court ordered Baird to reimburse the Estate for overdraft charges, overpaid taxes, and all penalties and interest incurred because of improperly filed tax returns. The court determined that Baird was entitled to $4,000 in reasonable attorney fees and ordered him to reimburse $35,404.46 to the Estate for excessive attorney fees. The court also ordered Baird to reimburse the Estate for all potential penalties and interest for improperly filed tax returns.

Schwartz thereafter filed his report. The court then held a hearing and issued an order essentially reaffirming its previous order. The court ordered Baird to reimburse William's Estate for the previously mentioned attorney fees and $9,605.85 for overdraft charges, lost interest, overpaid taxes, and tax penalties and interest. The court's order also required Baird to reimburse the Estate in an amount not to exceed $36,594 for potential tax penalties and interest which the Internal Revenue Service might assess against the Estate. The court ordered the Estate to pay $10,497.05 for Schwartz's services as special administrator and $6,319.10 for legal fees to challenge Baird's final account. Baird appealed, and William's Estate cross-appealed.

In his appeal, Baird contends that the county court did not have subject matter jurisdiction to "turn a rather simple examination of a Final Report and Account into what amounts to an action for malpractice and make rather serious accusations and determinations of breach of fiduciary responsibilities when that was never the stated purpose of the inquiry." Baird argues that, under its implied powers as a probate court, the county court did not have subject matter jurisdiction to decide issues of malpractice, malfeasance, or breach of a fiduciary duty.

The county court derives its jurisdiction from our state Constitution and from our statutes. *South Forks Shopping Center, Inc. v. Dastmalchi*, 446 N.W.2d 440 (N.D. 1989); *Matter of Estate of Binder*, 366 N.W.2d 454 (N.D.1985). Section 27–07.1–17(5), N.D.C.C., gives the county court jurisdiction in "[p]robate, guardianship, and

"Subject to additional definitions contained in the subsequent chapters which are applicable to specific chapters, and unless the context otherwise requires, in this title:
    *    *    *    *    *    *
"21. 'Interested person' includes heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected

person which may be affected by the proceeding. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding."

other testamentary cases pursuant to title 30.1 [Uniform Probate Code (U.P.C.) ]."

Section 30.1–02–02, N.D.C.C. [U.P.C. § 1–302], provides:

"1. The county court has jurisdiction over all subject matter relating to guardianship, probate, and testamentary matters, including:

"a. Estates of decedents, including construction of wills and determination of heirs and successors of decedents.

"b. Estates of protected persons.

"c. Protection of minors and incapacitated persons.

"d. Trusts, to the extent necessary for the exercise of the court's jurisdiction over probate and testamentary matters.

"2. The district and county courts have concurrent subject matter jurisdiction over trusts, except as provided in subdivision d of subsection 1. The district court has jurisdiction of all causes at law and equity not inconsistent with the exclusive original jurisdiction over probate and testamentary matters vested by subsection 1 in the county court."

Section 30.1–12–05, N.D.C.C. [U.P.C. § 3–105], gives the county court "exclusive jurisdiction of formal proceedings to determine how decedents' estates subject to the laws of this state are to be administered, expended, and distributed, including actions to determine title to property alleged to belong to the estate and of any action or proceeding in which property distributed by a. personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent." [2]

Under the foregoing provisions, we have held that the $10,000 jurisdictional limit for a county court does not apply to the court's probate jurisdiction [*Matter of Estate of Raketti*, 340 N.W.2d 894 (N.D.1983) ], and that a county court has incidental powers necessary for the effective adjudication of those matters within its exclusive jurisdiction. *Kopperud v. Reilly*, 453 N.W.2d 598 (N.D.1990); *Matter of Estate of Sorensen*, 411 N.W.2d 362 (N.D.1987).

In *Kopperud, supra*, we recently held that a county court had authority to determine whether a substantial conflict of interest existed in the sale of the decedent's property by the decedent's co-conservator to the co-conservator's son and to order rescission of the land sale contract. We said that the resolution of those issues was necessary to enable the county court to effectively determine the extent of the decedent's estate and the fair value of the estate assets for purposes of liquidating the estate. Similarly, in *Sorensen, supra*, we held that a county court had implied authority to determine paternity of a child who alleged that the decedent was his nat-

2. We note that our enactment is different from U.P.C. § 3–105, which authorizes an "exclusive" and a "concurrent" jurisdiction:

"The Court has exclusive jurisdiction of formal proceedings to determine how decedents' estates subject to the laws of this state are to be administered, expended and distributed. The Court has concurrent jurisdiction of any other action or proceeding concerning a succession or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to belong to the estate, and of any action or proceeding in which property distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent."

The Official Comment to U.P.C. § 3–105 provides:

"If the office with jurisdiction to hear and decide formal petitions is the county or district court of general jurisdiction, there will be little basis for objection to the broad statement of concurrent jurisdiction of this section. However, if a more specialized 'estates' court is used, there may be pressure to prevent it from hearing negligence and other actions involving jury trials, even though it may be given unlimited power to decide other cases to which a personal representative is a party. A system for certifying matters involving jury trials to the general trial court could be provided, although the alternative of permitting the estates court to empanel juries where necessary might not be unworkable. In any event, the jurisdiction of the 'estates' or 'probate' court in regard to negligence litigation would only be concurrent with that of the general trial court. The important point is that the estates court, whatever it is called, should have unlimited power to hear and finally dispose of all matters relevant to determination of the extent of the decedent's estate and of the claims against it. The jury trial question is peripheral."

ural father because the resolution of that issue was necessary to effectively adjudicate who should inherit the decedent's estate.

■ Our analysis of the county court's jurisdiction in probate matters recognizes that, in matters arising out of the administration of an estate, a court sitting in its probate capacity has jurisdiction to take necessary action to preserve the assets of the estate for the ultimate beneficiaries. *See Gonzalez v. Superior Court,* 117 Ariz. 64, 570 P.2d 1077 (1977); *Estate of Conger v. Conger,* 414 So.2d 230 (Fla.App.1982); *Matter of Estate of Congdon,* 309 N.W.2d 261 (Minn.1981); *Kentopp v. Kentopp,* 206 Neb. 776, 295 N.W.2d 275 (1980).

In addition to defining the county court's jurisdiction, our statutes also outline the duties, powers, and liabilities of the personal representative of an estate. Section 30.1-18-03, N.D.C.C. [U.P.C. § 3-703], describes the personal representative as a fiduciary who is required to observe the standard of care applicable to a trustee and to settle and distribute the estate as expeditiously and efficiently as is consistent with the best interests of the estate. Section 30.1-18-12, N.D.C.C. [U.P.C. § 3-712], provides that the personal representative is liable to interested persons for damage or loss resulting from a breach of that fiduciary duty.

A personal representative may, when acting reasonably for the benefit of interested persons, employ an attorney to advise and assist in the performance of his duties and pay the attorney reasonable legal fees. Section 30.1-18-15(21), N.D.C.C. [U.P.C. § 3-715(21)]. A personal representative is also entitled to reasonable compensation for services. Section 30.1-18-19, N.D.C.C. [U.P.C. § 3-719]. The county court is authorized to review the reasonableness of compensation for any person employed by the personal representative, including an attorney or the personal representative himself, and "[a]ny person who has received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds." Section 30.-

1-18-21, N.D.C.C. [U.P.C. § 3-721]. The Editorial Board comment to that section provides:

"In view of the broad jurisdiction conferred on the probate court by section 30.1-12-05 [U.P.C. § 3-105], description of the special proceeding authorized by this section might be unnecessary. But, the Code's theory that personal representatives may fix their own fees and those of estate attorneys marks an important departure from much existing practice under which fees are determined by the court in the first instance. Hence, it seemed wise to emphasize that any interested person can get judicial review of fees if he desires it. Also, if excessive fees have been paid, this section provides a quick and efficient remedy."

■ In construing the statutory scheme for the jurisdiction of the probate court and the duties, powers, and liabilities of the personal representative, we consider the statutes as a whole to give effect and meaning to each provision because the law neither does nor requires idle acts. *County of Stutsman v. State Historical Society,* 371 N.W.2d 321 (N.D.1985).

■ The foregoing statutory scheme gives the county court jurisdiction to make determinations regarding the reasonable compensation for persons employed by the personal representative and the personal representative's compliance with fiduciary duties for the benefit of the estate and interested persons. It would be inconsistent with our rules of statutory construction and the stated purpose of Title 30.1 to "promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors" [Section 30.1-01-02(2)(c), N.D.C.C. (U.P.C. § 1-102(b)(3)], if the county court could review the personal representative's actions and the compensation paid by the personal representative but could not hold the personal representative liable to the estate for losses for a breach of a fiduciary duty or order reimbursement to the estate for excessive compensation.[3] Requiring an

---

**3.** We note that similar responsibility exists for a

distributee of property improperly distributed

independent action would not promote the speedy and efficient distribution of the assets of the estate. A personal representative's fiduciary duties to the estate and payment of fees for services to the estate directly relate to the probate of a decedent's estate and involve determinations on how the estate is to be expended. *Kopperud, supra.*

■ We hold that the foregoing statutory scheme gives the county court jurisdiction to review allegations of breach of fiduciary duty by the personal representative and excessive compensation of persons employed by a personal representative. We also hold that the county court has jurisdiction to order a person who has received excessive compensation to make a refund to the estate and to order the personal representative to pay for losses to the estate caused by a breach of a fiduciary duty.

■ In this case the county court ordered Baird to pay William's Estate $9,605.85 because of overdraft charges, lost interest, overpaid taxes, and actual penalties and interest for improperly filed tax returns. Those types of charges generally may be imposed against the personal representative of an estate for the breach of a fiduciary duty. *See* Annot., *Liability of Executor or Administrator to Estate Because of Overpaying or Unnecessarily Paying Tax,* 55 A.L.R.3d 785 (1974); Annot., *Liability of Executor, Administrator, Trustee, or His Counsel, for Interest, Penalty, or Extra Taxes Assessed Against Estate Because of Tax Law Violations,* 47 A.L.R.3d 507 (1973). After reviewing the record, we believe the county court correctly charged Baird, as personal representative of the Estate, for those losses.

Baird next argues that the court's order reducing his attorney fees from $39,404.46 to $4,000 was improper. In objecting to Baird's final account, Kenneth requested the court to order Baird to reimburse William's Estate for any attorney fees in excess of $5,000. Baird submitted an itemized report of his work for William's Estate and testified that he billed all of that work

at $80 per hour, his fee for legal services. The court found that Baird did work for William's Estate in his capacity as personal representative and as attorney. The court determined that reasonable compensation for Baird's legal services was $4,000 and thus ordered Baird to reimburse $35,404.46 to the estate.

■ Generally, in the absence of a statute providing otherwise, an executor or administrator is not entitled to extra compensation for legal services rendered by him. Annot., *Right of Executor or Administrator to Extra Compensation For Legal Services Rendered by Him,* 65 A.L.R.2d 809 (1959). However, when a will designates the same person or entity to be personal representative and attorney for the estate, that person or entity is entitled to both fees. *Re Estate of Crouch,* 240 Cal.App.2d 801, 49 Cal.Rptr. 926 (1966); *Succession of Benton,* 354 So.2d 721 (La. App.1978); *see* Annot., 65 A.L.R.2d at 824; 31 Am.Jur.2d, Executors and Administrators, § 946 (1989). Our statutes authorize reasonable compensation for both the personal representative and the attorney. Sections 30.1–18–19 [U.P.C. § 3–719] and 30.1–18–21 [U.P.C. § 3–721], N.D.C.C.

■ We believe that the designation of Baird as personal representative and as attorney for the Estate in William's will and the statutory authorization for reasonable compensation for both services entitle Baird to reasonable compensation for both legal and personal representative work. Because the county court only determined reasonable legal fees, we conclude that a remand for a determination of reasonable compensation for Baird's work as personal representative is appropriate.

In assessing the court's determination that Baird was entitled to $4,000 as reasonable compensation for his legal services, we follow well-established guidelines for determining reasonable attorney fees:

"(1) time and labor required (distinguishing between legal work in the strict sense, and investigation, clerical work,

---

or paid, or for a claimant who was improperly paid. Section 30.1–20–09, N.D.C.C. [U.P.C.

§ 3–909]; *see Matter of Estate of Hoffas,* 422 N.W.2d 391 (N.D.1988).

and compilation of facts and statistics); (2) the novelty and difficulty of the questions (he should not be penalized for accepting a challenge which may result in making new law); (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hughes v. North Dakota Crime Victims Reparations Board,* 246 N.W.2d 774, 777 (N.D.1976).

■ We will not reverse a trial court's determination on attorney fees absent a clear abuse of discretion. *Matter of Estate of Vertin,* 381 N.W.2d 199 (N.D.1986). We have defined an abuse of discretion as unreasonable, arbitrary, or unconscionable conduct on the part of a trial court. *Id.*

■ Baird claimed that he and William entered into an oral agreement for William to pay Baird $6,000 to negotiate a top lease of mineral interests for William. The trial court ordered Baird to return that $6,000 to the Estate because it found that the evidence failed to establish an oral agreement for William's Estate to pay the $6,000 in addition to $2,811.64 already paid for the same services. The court's finding that there was no oral agreement between Baird and William is not clearly erroneous. Rule 52(a), N.D.R.Civ.P.; *see Matter of Estate of Starcher,* 447 N.W.2d 293 (N.D. 1989). The trial court did not abuse its discretion in ordering Baird to refund that amount.

■ In considering the remaining legal services rendered by Baird, the county court meticulously analyzed the twelve criteria for determining reasonable attorney fees outlined in *Hughes, supra,* and, as part of that analysis, made the following finding:

"12. Awards in similar cases: in closing argument, both counsel referred to fees charged by Mr. Hardy in specific probates. Testimony was received concerning the fees charged in the probate of the Estate of William's brother. The Court reviews attorney's fees regularly in the course of reviewing estate files. The Court feels that the fee awarded by the Court in this case is fair and reasonable based upon similar probates, and based upon the current status of the estate."

The court also specifically found that William's Estate was not particularly complicated and consisted of real estate, cash, moderate size farm machinery, and mineral rights. The court further found that the total gross estate was approximately $375,000 and that, after five years, much work remained to be done before the Estate could be properly closed. After reviewing this record, we are not persuaded that the trial court was unreasonable, arbitrary, or unconscionable in ordering $4,000 as reasonable attorney fees for the services rendered by Baird. We conclude that the trial court did not abuse its discretion.

■ We are not persuaded by Baird's argument that the court cannot rely upon its knowledge of probate matters to determine reasonable attorney fees for services rendered on behalf of an estate. It is well established that a trial court is considered an expert in determining the value of reasonable attorney fees. *E.g., First Trust Co. of North Dakota v. Conway,* 345 N.W.2d 838 (N.D.1984). In this case the trial court's findings indicate its familiarity with reviewing attorney fees. We adhere to our view that trial courts generally, and particularly county courts in probate matters, are qualified to determine reasonable legal fees for services rendered to an estate.

■ We next address the county court's order requiring Baird, as personal representative, to pay William's Estate up to $36,594 in potential tax penalties and interest which the Internal Revenue Service might assess against the Estate because

Baird improperly filed tax returns. The court determined that Baird, as personal representative, was liable to the Estate for those future penalties and interest because his conduct relative to the tax returns constituted a breach of fiduciary duty to the Estate. The court recognized the lack of definiteness in the sum which the Estate may ultimately have to pay to the Internal Revenue Service and concluded that under a "worst case scenario" the total penalties and interest could be $36,594.

█ It is well established that damages based upon a mere possibility of occurrence in the future or speculation or conjecture are not allowed. *Cf., Olmstead v. Miller,* 383 N.W.2d 817 (N.D.1986) [damages for future medical treatment]; *Holecek v. Janke,* 171 N.W.2d 94 (N.D.1969) [damages for future medical treatment]. Although the county court has authority to order a personal representative to pay an estate for losses incurred because of a breach of a fiduciary duty, we believe that under Section 30.1-18-12, N.D.C.C. [U.P.C. § 3-712], the losses incurred because of those actions must be actual, rather than potential, and a claim for those losses does not accrue until an estate has incurred actual losses. *Cf., Wall v. Lewis,* 366 N.W.2d 471 (N.D.1985) [cause of action does not accrue until some damage has been incurred]. We conclude that, at this stage, the county court erred in ordering Baird to pay future and undetermined penalties and interest. Because the issues of liability and damages for potential penalties and interest are so interconnected, we reverse that part of the county court judgment holding Baird liable for those future penalties and interest.

█ In its cross-appeal, William's Estate contends that the county court erred in ordering it to pay the legal and accounting fees incurred in contesting Baird's final account and in denying the request that Baird be charged for such fees. It argues that the court should have ordered Baird to personally pay those fees as additional damages or loss resulting from Baird's breach of his fiduciary duty.

The court found that those services were necessary and beneficial to William's Es-

tate. That finding is not clearly erroneous under Rule 52(a), N.D.R.Civ.P., and we conclude that the county court properly charged William's Estate for those services.

In accordance with this opinion, the judgment is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

ERICKSTAD, C.J., and LEVINE, MESCHKE and VANDE WALLE, JJ., concur.